```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANDREA CONSTAND,                  :
        Plaintiff                 : CIVIL ACTION
                                  :
        v.                        : NO. 05-CV-
                                  :
WILLIAM H. COSBY, JR.,            : JURY TRIAL DEMANDED
        Defendant                 :
```

**COMPLAINT**

Plaintiff Andrea Constand, by her attorneys, Troiani/Kivitz, L.L.P., claims of Defendant a sum in excess of $150,000.00, and in support thereof states the following:

**A. Jurisdiction and Venue**

1.  The United States District Court for the Eastern District of Pennsylvania has jurisdiction over this action pursuant to diversity of citizenship and amount in controversy, 28 U.S.C. § 1332.

2.  Venue lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 in that the events giving rise to the claim occurred in the Eastern District of Pennsylvania.

### B. The Parties

3.   Plaintiff Andrea Constand is an adult individual currently residing at a confidential address in Pickering, Ontario.

4.   Defendant William H. Cosby, Jr. is an adult individual with a residence at 8210 New Second Street, Cheltenham, Pennsylvania.

### C. Factual Background

5.   Plaintiff incorporates by reference the prior paragraphs of this Complaint, as though fully set forth at length.

6.   On or about December 2001, Plaintiff was employed at Temple University as Director of Operations for the Women's Basketball program.  In her capacity as such, Plaintiff met Defendant Cosby in November 2002.

7.   Defendant fostered a friendship with Plaintiff, so that over time she considered him to be both her friend, albeit older, and a mentor.

8.   For over one (1) year, Plaintiff socialized with Defendant Cosby, including, *inter alia*, discussing Temple women's basketball with him, talking with him by telephone, and being his guest at dinner parties and other events hosted by him at his Cheltenham home and other locations.

9.   In January 2004, Defendant invited Plaintiff to his 8210 New Second Street, Cheltenham, Montgomery County, Pennsylvania, home, telling her that he wanted to offer her assistance in her pursuit of a different career.

10.  Plaintiff agreed to meet him, and arrived at Defendant's home at approximately 9:00 p.m.

11.  Plaintiff and Defendant conversed, and during their conversation, Plaintiff expressed that she was feeling stressed about making her career decision.

12.  Defendant then offered Plaintiff three blue pills, which he told her were herbal medication, which would help her relax.

13.  Plaintiff questioned if she needed to take all three pills, and Defendant assured her that all three pills were necessary.

14.  Plaintiff ingested the pills with bottled water, believing that the pills were what Defendant represented them to be.

15.  Within a short period of time, Plaintiff's knees began to shake, her limbs felt immobile, she felt dizzy and weak, and she began to feel only barely conscious.

16.  Upon information and belief, Defendant provided Plaintiff with some sort of narcotic or other type of drug, and not an "herbal" remedy.

17.   When Plaintiff advised Defendant she did not feel well, Defendant led Plaintiff to a sofa, because she could not walk on her own, where he laid her down, under the guise of "helping" her.

18.   Subsequently, Defendant positioned himself behind Plaintiff on the sofa, touched her breasts and vaginal area, rubbed his penis against her hand, and digitally penetrated her.

19.   Plaintiff remained in a semi-conscious state throughout the time of this ordeal.

20.   At no time was Plaintiff capable of consent after the pills affected her, and at no time did she consent to Defendant's acts.

21.   Plaintiff lost consciousness after the events described above, and did not fully awaken until sometime after 4:00 a.m.

22.   Plaintiff awoke feeling raw in and around her vaginal area.

23.   When Plaintiff awoke, her clothes and undergarments were in disarray.

24.   After Plaintiff awoke, Defendant greeted her in his bathrobe.

25.   Plaintiff left Defendant's residence by herself.

26.   On January 13, 2005, Plaintiff reported Defendant's actions to the Durham, Ontario police.

4

27. Following Plaintiff's January 13, 2005, police report, Defendant and his authorized representatives and/or agents have made publicized statements to the media, including, Celebrity Justice ("CJ"), which have included:

> Sources connected with Bill Cosby tell "CJ" that before his accuser went to police, her mother asked the comedian to make things right with money.…We're told she asked Cosby to help pay for her daughter's education and to generally help her out financially, and this conversation occurred before the accuser ever contacted police.…As police continue to investigate, a Cosby rep call [sic] this a classic shakedown.

These particular statements were broadcast nationwide, and posted on Celebrity Justice's internet website, also available nationwide, on February 7, 2005.

28. Celebrity Justice, The Toronto Sun, and FoxNews, among other media sources, had previously printed and/or aired Plaintiff's name and address and/or picture in connection with this investigation, and other media sources had published her name and/or a picture of Plaintiff as well, therefore making her identity as Cosby's accuser recognizable to the public.

29. On or about February 21, 2005, Defendant gave an "exclusive" interview to The Enquirer, a national tabloid with a circulation of about 1.5 million, concerning Plaintiff's allegations.  In that interview, in an effort to continue to make the public believe that Plaintiff was guilty of extortion,

5

Defendant said, "I am not going to give in to people who try to exploit me because of my celebrity status."

30.  At the time that Defendant and/or his authorized representatives and/or agents, servants, or employees made their statements to Celebrity Justice and The Enquirer, each of them knew or should have known that the statements were false, because **following** Plaintiff's report of the incident to the Durham police, and beginning on or about January 16, 2005, and continuing in the days thereafter, Defendant and/or his representatives and agents placed at least four telephone calls to Plaintiff and her mother in which, among other things, Defendant apologized and offered financial compensation to Plaintiff, which offer was not accepted by Plaintiff and/or her mother.

**COUNT I**
**Andrea Constand v. William Cosby**
**Battery**

31.  Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

32.  Defendant's offensive or harmful contact with Plaintiff as set forth herein at length constituted a battery upon her.

33. The aforesaid conduct by Defendant was committed willfully, knowingly, maliciously, intentionally, wantonly, recklessly, and/or negligently.

34. As the direct and proximate result of Defendant's acts as described in the foregoing paragraphs of this Complaint, Plaintiff has suffered serious and debilitating injuries, mental anguish, humiliation, embarrassment, physical and emotional upset, including, but not limited to, post-traumatic stress disorder, depression, sleeplessness, isolation, flashbacks, anxiety, the full extent of which injuries are not yet known, and some or all of which may be permanent in nature.

35. As the direct and proximate result of the Defendant's acts as described in the foregoing paragraphs of this Complaint, Plaintiff suffered and will in the future continue to suffer serious pain, mental anguish, emotional upset, and the loss of enjoyment of life's pleasures.

36. As the direct and proximate result of the Defendant's acts as described in the foregoing paragraphs of this Complaint, Plaintiff sustained a setback and loss of continuity in her education, the full extent of which is not yet known.

37. As the direct and proximate result of the Defendant's acts as described in the foregoing paragraphs of this Complaint, Plaintiff has sustained a loss of earnings and earning capacity.

38. As the direct and proximate result of the Defendant's acts as described in the foregoing paragraphs of this Complaint, Plaintiff has in the past and will in the future continue to be compelled to expend large sums of money for psychological treatment and therapy.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant William Cosby, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus reasonable attorneys' fees, interest, costs, punitive damages, and such other relief as the Court deems just and proper.

## COUNT II
### Andrea Constand v. William Cosby
### Assault

39. Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

40. Defendant's harmful or offensive contact with Plaintiff as set forth herein at length, placed her in imminent apprehension of such contact, and constituted an assault upon her.

41. The aforesaid conduct by Defendant was committed willfully, knowingly, maliciously, intentionally, wantonly, recklessly, and/or negligently.

42.  As the direct and proximate result of Defendant's acts described in the foregoing paragraphs of this Complaint, Plaintiff has suffered serious and debilitating injuries, mental anguish, humiliation, embarrassment, physical and emotional upset, including, but not limited to, post-traumatic stress disorder, depression, sleeplessness, isolation, flashbacks, anxiety, the full extent of which injuries are not yet known and some or all of which may be permanent in nature.

43.  As the direct and proximate result of Defendant's acts described in the foregoing paragraphs of this Complaint, Plaintiff suffered and will in the future continue to suffer serious pain, mental anguish, emotional upset, and the loss of enjoyment of life's pleasures.

44.  As the direct and proximate result of Defendant's acts described in the foregoing paragraphs of this Complaint, Plaintiff sustained a setback and loss of continuity in her education, the full extent of which is not yet known.

45.  As the direct and proximate result of Defendant's acts described in the foregoing paragraphs of this Complaint, Plaintiff has sustained a loss of earnings and earning capacity.

46.  As the direct and proximate result of Defendant's acts described in the foregoing paragraphs of this Complaint, Plaintiff has in the past and will in the future continue to be

compelled to expend large sums of money for psychological treatment and therapy.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant William Cosby, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

**COUNT III**
**Andrea Constand v. William Cosby**
**Intentional and Negligent Infliction of Emotional Distress**

47. Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

48. Defendant's conduct, as set forth in the foregoing paragraphs of this Complaint, was so outrageous in character and so extreme in degree as to fall outside the bounds of decency, and is to be regarded as intolerable in the community.

49. At all times relevant hereto, Defendant knew with substantial certainty, or should have known that severe emotional distress would be produced by his conduct.

50. By engaging in the acts set forth in the foregoing paragraphs of this Complaint, Defendant engaged in extreme and

outrageous conduct and intentionally inflicted severe emotional distress upon Plaintiff.

51. By engaging in the acts set forth in the foregoing paragraphs of this Complaint, Defendant exploited and abused his friendship and his mentor relationship with Plaintiff, violated her trust, and caused her great distress.

52. As a direct and proximate result of the acts of Defendant as set forth in the foregoing paragraphs of this Complaint, Plaintiff has in the past been required, and may in the future required, medicine, medical, psychological and other treatment in order to cure herself of the injuries she has sustained; has in the past been obliged, and may in the future be obliged, to expend various sums of money for such medical care and treatment.

53. As further direct and proximate result of the acts of the Defendant as set forth in the foregoing paragraphs of this Complaint, Plaintiff has been caused to suffer and continues to suffer severe emotional distress, humiliation, embarrassment and financial loss.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant William Cosby, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees,

interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

## COUNT IV
## Andrea Constand v. William Cosby
## Defamation/Defamation Per Se

54. Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

55. At all times relevant hereto, Plaintiff was a law abiding citizen of the Commonwealth of Pennsylvania and/or Pickering, Ontario, who enjoyed the respect, confidence and esteem of her neighbors, as well as others in the community, and has never been adjudged guilty of any crime, offense or violation of the law which would tend to lessen the respect, confidence and esteem which she enjoyed, and to which she was entitled.

56. At all times mentioned herein, Defendant acted on his own or through his authorized agents, representatives, sources, servants or employees who acted for Defendant's benefit, under Defendant's control or direction, and within the course and scope of their authority, agency, representation or employment.

57. On or before February 7, 2005, the Defendant, through his representatives, agents, servants, or employees intending to injure the Plaintiff and to deprive her of her good name, credit

12

and reputation, falsely, maliciously, and wickedly provided information for at least one publication which aired on Celebrity Justice, a nationally syndicated television show, and was posted on the Celebrity Justice website concerning Plaintiff.

58. On or about February 21, 2005, Defendant gave an "exclusive" interview to The Enquirer, a national tabloid with a circulation of about 1.5 million, intending to or knowing it would injure Plaintiff, and to deprive her of her good name, credit and reputation, in which Defendant said, "I am not going to give in to people who try to exploit me because of my celebrity status."

59. The statements contained in the above publications, shows and websites intended to and did convey to the viewers and/or readers thereof, either directly or by implication, that Plaintiff asked Defendant for money; she did so before she went to the police; and, that her actions constituted a "shakedown", or an attempt to extort money from Defendant, and to exploit him.

60. The statements and charges in the publications, shows, and/or websites identified in the foregoing paragraphs of this Complaint are false, and Defendant knew or should have known that they were false at the time of the publications.

61. Plaintiff has never, at any time, been guilty of the crimes alleged by Defendant, nor was she ever an accessory to, nor an aider and abettor of, such criminal acts, nor has she ever been guilty of any other violation of law, but she has at all times been a peaceable and law abiding inhabitant of the several communities in which she has resided from the day of her birth to the present time.

62. Defendant and/or his representatives and agents knew, or should have known that the statements and charges contained in the publications, shows and websites identified in the foregoing paragraphs of this Complaint were false when made, and Defendant uttered and published them either intentionally and maliciously, or with reckless disregard for their truth or falsity.

63. The statements and charges contained in the publications, shows and websites identified in the foregoing paragraphs of this Complaint were printed, published, circulated and aired by Celebrity Justice on February 7, 2005, and by The Enquirer on or about March 4, 2005, and were widely heard and read by the Plaintiff's family, neighbors, and friends and diverse other persons, who understood immediately that Plaintiff was the accuser to which Cosby and/or his representatives, agents, servants or employees referred.

64.  By reason of the printing, publication, and circulation of the statements and charges contained in the articles, shows, publications, and websites identified in the foregoing paragraphs of this Complaint, Plaintiff has been brought into scandal and reproach, and has been held up to scorn and contempt among her neighbors, business acquaintances, and other good citizens, and is suspected by them to have been guilty of the crimes and fraudulent practices which Defendant's articles imputed to Plaintiff, as a result of which the Plaintiff has suffered in her business, her reputation, feelings and peace of mind, to her great financial loss and damage, and to her great humiliation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant William Cosby, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

### COUNT V
### Andrea Constand v. William Cosby
### False Light/Invasion of Privacy

65.  Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

15

66.  The statements identified in the foregoing paragraphs of this Complaint made by Defendant, or through his authorized representatives, agents, servants or employees were highly offensive statements made against Plaintiff, which portrayed her in a false light.

67.  The statements identified in the foregoing paragraphs of this Complaint made against Plaintiff were publicized by Defendant, or publicized through his authorized representatives, agents, servants, employees and sources.

68.  Defendant and his authorized representatives, agents, servants, employees and sources knew or should have known that such statements were false, or recklessly disregarded the falsity of said statements.

69.  Defendant and/or his authorized representatives, agents, servants or employees created a false impression by knowingly or recklessly publicizing selective pieces of information, rendering the publication susceptible to inferences casting Plaintiff in a false light.

70.  By reason of Defendant's aforesaid conduct, Plaintiff has suffered in her business, her reputation, feelings and peace of mind, to her great financial loss and damage, and to her great humiliation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against

Defendant William Cosby, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in this matter.

Respectfully submitted,
Troiani/Kivitz, L.L.P.

  /s/ Bebe H. Kivitz
Bebe H. Kivitz, Esquire
I.D. No. 30253
Dolores M. Troiani, Esquire
I.D. No. 21283
38 North Waterloo Road
Devon, PA 19333
(610) 688-8400
(610) 688-8426 fax

Attorneys for Plaintiff,
Andrea Constand

Dated: March 8, 2005