IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
| | : |
| Plaintiff, | : |
| | :  No. 05-cv-1099 |
| v. | : |
| | : |
| WILLIAM H. COSBY, JR., | : |
| | : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES**

Defendant respectfully submits this memorandum in support of its Motion to Compel Plaintiff's Initial Disclosures.  Plaintiff has decided, unilaterally, to grant herself a protective order under Federal Rule of Civil Procedure 26(c), relieving herself of her initial disclosure obligations under Rule 26(a)(1).  Moreover, Plaintiff has done so not to protect herself, but to protect several unidentified third parties, who have yet to ask for protection themselves.  Plaintiff must be compelled to comply with the Federal Rules of Civil Procedure.

**I.     FACTUAL BACKGROUND**

This is a diversity case, involving claims of sexual assault, battery, infliction of emotional distress, and defamation.  On April 6, 2005, the parties exchanged their Initial Disclosures, as required by Rule 26(a)(1).  Plaintiff, however, did not fully comply with the initial disclosure obligation.  With respect to nine of Plaintiff's disclosed witnesses—*i.e.*, persons who have information that she is likely to use at trial—she disclosed them only as "Jane Doe," revealing neither their names nor their addresses.  In her Report Following Rule 26 Conference of the

Parties, Plaintiff explains that these witnesses will testify about alleged prior acts of assault by Defendant and suggests that she wishes to prevent the disclosure of the names of these witnesses.

## II.    ARGUMENT

Plaintiff's concealment of mandatory discovery cannot stand.  Rule 26(a)(1) provides that each party "*must*, without awaiting a discovery request, provide to other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims."  Fed. R. Civ. P. 26(a)(1) (emphasis added).  This requirement is "the functional equivalent of court-ordered interrogatories."  Id. advisory committee's note.  "As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses . . . ."  Id.  Plaintiff has not moved for a protective order, relieving her of this obligation.  Therefore, the rule applies, and Plaintiff and her counsel must comply with it immediately.

Moreover, even if Plaintiff had moved for a protective order, she would not be entitled to an order allowing her to conceal the identity of her witnesses.  First, Plaintiff may move for a protective order only to protect *her* interests.  She may not move for a protective order to protect the interests of a third-party witness.  See Am. Rock Salt Co., LLC v. Norfolk S. Corp., No. 00-CV-6534L(F), 2005 WL 643414, at *30 (W.D.N.Y. Mar. 18, 2005) (holding that "'a party may not move for a protective order to protect the interests of another'" (quoting Steven Baicker-McKee et al., Federal Rules Civil Handbook 607 (12th ed. 2005))); see also Green v. Baca, No. CV 02-204744MMMMANX, 2005 WL 283361, at *1 (C.D. Cal. Jan. 31, 2005) (holding that a party's ability to contest third-party discovery is limited to objections based on some personal right or privilege relating to the discovery sought).  It is not up to Plaintiff to decide whether these witnesses wish, and are entitled, to keep their identities a secret.  Rather, only the witnesses

themselves may move for an order preserving the confidentiality of their identities. Thus, if there is to be a protective order with respect to confidentiality of a third-party in this case, it cannot be based on a motion by Plaintiff.

Second, even if one or more of the "Jane Doe" witnesses moved for a protective order, she would not be entitled to an order keeping her identity *from Defendant*. See Doe v. Evans, 202 F.R.D. 173, 176 n.10 (E.D. Pa. 2001) (holding that while plaintiff in sexual assault case would be permitted to use a pseudonym for purposes of the litigation, "she must disclose her identity to the defendants"). Defendant has a right to know the identity of all potential witnesses in this case, especially those who, according to Plaintiff, intend to accuse him of wrongdoing. At best, any such witness could seek an order keeping her identity confidential, within the litigation. Even that, however, would be difficult to justify. In Doe v. Evans, the court rejected a motion for protective order that would have required the defendants to keep the identity of an alleged sexual assault victim confidential, on the grounds that it would impede the defendants' ability to conduct discovery. Id. at 176. Here, each witness would be required to show "good cause" for a protective order, and to prove why disclosure of her identity into the almost invariably public civil litigation system would cause her harm. Fed. R. Civ. P. 26(c). Defendant would be entitled to respond to any such motion. Until then, Plaintiff must disclose their identities.

### III.   CONCLUSION

Plaintiff is attempting to tailor the civil litigation system to her own wishes. She publicly filed a Complaint against a public person. Now, however, she wishes to keep portions of the litigation secret, for no reason of her own. In fact, she apparently hopes to keep portions of the litigation secret from *Defendant himself*. Plaintiff's tactics cannot be condoned. The Court

3

should grant Defendant's motion, require Plaintiff to complete her initial disclosures, and, pursuant to Rule 37(a)(4), award Defendant his costs in pursuing this motion.


Dated: April 14, 2005        s/ *Patrick O'Connor*
                             Patrick J. O'Connor
                             George M. Gowen III
                             COZEN O'CONNOR
                             1900 Market Street
                             Philadelphia, PA  19103
                             215.665.2000

                             *Attorneys for Defendant*