IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
|     Plaintiff | : CIVIL ACTION |
| | : |
| v. | : NO. 05-CV-1099 |
| | : |
| WILLIAM H. COSBY, JR., | : |
|     Defendant | : |

## **ORDER**

AND NOW, this _____ day of _____ 2005, upon consideration of Defendant's Motion to Compel Plaintiff's Initial Disclosures, supporting Memorandum of Law and opposition thereto, IT IS HEREBY ORDERED that the motion is **DENIED**.

BY THE COURT:

_____
                               J.

TROIANI/KIVITZ, L.L.P.   Attorneys for Plaintiff
Bebe H. Kivitz, Esquire
I.D. No.: 30253
Dolores M. Troiani, Esquire
I.D. No.: 21283
38 North Waterloo Road
Devon, PA 19333
(610) 688-8400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
|     Plaintiff | : CIVIL ACTION |
| | : |
| v. | : NO. 05-CV-1099 |
| | : |
| WILLIAM H. COSBY, JR., | : |
|     Defendant | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiff denies that defendant is entitled to an order compelling plaintiff to comply with the requirements of Federal R. Civ. Proc. 26(a)(1) and states further that plaintiff has complied with said rule. In support of her Response to Defendant's Motion, plaintiff relies on the accompanying Memorandum of Law, which is incorporated by reference as if fully set forth herein.

                                              Respectfully submitted,

                                              TROIANI/KIVITZ, L.L.P.

                                              /s/ Bebe H. Kivitz
                                              Bebe H. Kivitz, Esquire
                                              Dolores M. Troiani, Esquire
                                              Attorneys for Plaintiff

TROIANI/KIVITZ, L.L.P.                    Attorneys for Plaintiff
Bebe H. Kivitz, Esquire
I.D. No.: 30253
Dolores M. Troiani, Esquire
I.D. No.: 21283
38 North Waterloo Road
Devon, PA 19333
(610) 688-8400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
|     Plaintiff | : CIVIL ACTION |
| | : |
| v. | : NO. 05-CV-1099 |
| | : |
| WILLIAM H. COSBY, JR., | : |
|     Defendant | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiff Andrea Constand ("Constand") submits this Memorandum of Law in support of her Opposition to Defendant's Motion to Compel Plaintiff's Initial Disclosures. Defendant's Motion to Compel is simply without merit.

**FACTUAL BACKGROUND**

In her Rule 26(a)(1) Initial Disclosures, attached hereto as Exhibit "A", Plaintiff identified nine "Jane Doe" witnesses who are anticipated to present F.R.E. 415 testimony. Defendant is under the misimpression that plaintiff does not intend to disclose the identity of the Jane Doe witnesses to him. This is simply incorrect. Plaintiff's counsel indicated as early as counsels' conference on March 23, 2005, that plaintiff intends to disclose to defendant the identify of all her witnesses, but not before the Court rules on a

Motion to Protect the Identity of Rule 415 Jane Doe Witnesses[1] ("Motion to Protect") from the media. As explained in her Motion to Protect, there are serious privacy concerns in connection with disclosing the witnesses' names and addresses to the media, and therefore, plaintiff does not believe it is proper to do so until the necessary safeguards are in place.

## ARGUMENT

**Plaintiff Intends to Disclose Jane Doe Witness to the Defendant but only after their Identities are Protected from Public Disclosure.**

Plaintiff is not denying the defendant the right to discovery. To the contrary, plaintiff merely wishes to protect the identity of her witnesses, complainants concerning prior sexual assaults and/or druggings, from public disclosure[2]. As explained in plaintiff's pending Motion to Protect the Identities of Jane Doe Witnesses, public disclosure of their identities raises important privacy concerns. Courts are willing to address these concerns when the witness's privacy rights weighed against the public's right to know their identity balances in favor of the witness. *See, e.g., James v. Tilghman*, 194 F.R.D. 398 (D. Conn. 1999) (protection of non-party inmate witnesses); *Jason Doe v. American Nat. Red Cross*, 151 F.R.D. 71, 72 (S.D. W.Va. 1993) (non-party blood donor); *Landano v. U.S. Dept. of Justice*, 956 F.2d 422 (3rd Cir. 1992) (non-parties appearing in FOIA requested documents); *Carhart v. Ashcroft*, 300 F. Supp.2d 921 (2004) (expert witness).

---

[1] Now pending.
[2] In contrast, defendant has now taken the position that he will not be deposed -- despite earlier discussions between the parties concerning back-to-back depositions of defendant and plaintiff, and despite plaintiff's initial request at counsels' March 23, 2005 conference for convenient May dates in which to conduct defendant's deposition. Plaintiff believes that there is simply no reason defendant's deposition cannot take place within a reasonable period of time within the date the witnesses' names are disclosed.

2

This precedent cogently demonstrates that a party has standing to protect the privacy rights of persons participating in litigation even though they may not be parties. Case law relied upon by defendants for the opposite proposition is clearly distinguishable. In *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 2005 WL 643414, 30 (W.D.N.Y. 2005), the issue before the court was a document request, not the privacy concerns of witnesses; and, in *Green v. Baca*, 2005 WL 283361, 1 (C.D. Cal. 2005), the issue was not discovery of witness identities but the right of a party to move to quash a third-party subpoena. In both cases the issue was access to discovery; here, Plaintiff is not denying defendant access to discovery; she only desires that public access to the witnesses' identities be restricted. Accordingly, Defendant's Motion to Compel should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Andrea Constand respectfully requests this Court to deny Defendant's Motion to Compel Plaintiff's Initial Disclosures.

Respectfully submitted,

TROIANI/KIVITZ, L.L.P.


 /s/ Bebe H. Kivitz
Bebe H. Kivitz, Esquire
Dolores M. Troiani, Esquire
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I, Bebe H. Kivitz, hereby certify that Plaintiff's Response and Memorandum of Law to Defendant's Motion Compel Plaintiff's Initial Disclosures was filed electronically and is available for viewing and downloading from the ECF system. I further certify that a true and correct copy of said document was served via regular First Class mail, postage prepaid, on the following:

Patrick J. O'Connor, Esquire
George M. Gowen, III, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Andrew D. Schau, Esquire
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

TROIANI/KIVITZ, L.L.P.


 /s/ Bebe H. Kivitz
Bebe H. Kivitz, Esquire
Dolores M. Troiani, Esquire
Attorneys for Plaintiff

Date: April 19, 2005

# EXHIBIT "A"

```
TROIANI/KIVITZ, L.L.P.            Attorneys for Plaintiff
Bebe H. Kivitz, Esquire
I.D. No.: 30253
Dolores M. Troiani, Esquire
I.D. No.: 21283
38 North Waterloo Road
Devon, PA 19333
(610) 688-8400
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ANDREA CONSTAND,              :
      Plaintiff               : CIVIL ACTION
                              :
      v.                      : NO. 05-CV-1099
                              :
WILLIAM H. COSBY, JR.,        :
      Defendant               :
```

**SELF-EXECUTING DISCLOSURES PURSUANT TO**
**FEDERAL R. CIV. PROC. 26(a) & 28 U.S.C. §473(a)(4)**

Plaintiff, by and through her counsel, Troiani/Kivitz, L.L.P., provides the following disclosures:

A. **WITNESSES**:

1. Andrea Constand
   Confidential address
   Pickering, Ontario

2. Gianna Constand
   Confidential address
   Pickering, Ontario

3. Detective Richard Shaffer
   Cheltenham Township Police Dept.
   8230 Old York Road
   Elkins Park, PA 19027

4. Lt. Richard Peffall
   Montgomery County Detective Bureau
   One Montgomery Plaza, Suite 502
   Norristown, PA 19401

5.  Jennifer Sprague
    Psychotherapist
    53 Rabbit Street
    Lakefield, Ontario

6.  William H. Cosby, Jr.
    8210 New Second Street
    Cheltenham, Pennsylvania

7.  Barry Levine
    The National Enquirer, Inc.
    1000 American Media Way
    Boca Raton, Florida 33464

8.  Joe Tobin
    Celebrity Justice
    New York, New York

Fed. R. Evid. 415 Witnesses, as to prior sexual assaults:

9.  Tamara Lucier Green, Esquire
    Confidential address
    Ventura, California
    Plaintiff believes this witness is in the process of retaining legal counsel

10. Jane Doe 1
    Confidential address
    Taos, New Mexico
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

11. Jane Doe 2
    Confidential address
    Spring Hill, Florida
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

12. Jane Doe 3
    Confidential address
    Las Vegas, Nevada
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

13. Jane Doe 4
    Confidential address
    Portola Valley, California
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

14. Jane Doe 5
    Confidential address
    Denver, Colorado
    Plaintiff believes this witness is in the process of retaining legal counsel

15. Jane Doe 6
    Confidential address
    Toledo, Ohio
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

16. Jane Doe 7
    Confidential address
    Cave Creek, Arizona
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

16. Jane Doe 8
    Confidential address
    Monument, Colorado

16. Jane Doe 9
    Confidential address
    Corralitos, California
    Plaintiff believes this witness is in the process of retaining legal counsel

Plaintiff reserves the right to supplement this list as a result of discovery and/or as additional information becomes known or available to her, as additional Jane Doe witnesses are located, or as additional Jane Doe witnesses who have contacted Plaintiff's counsel indicate their willingness to be listed as trial witnesses.

B. **DOCUMENTS**

1. Documents constituting the criminal investigation in this matter.

2. Documents constituting transcripts of telephone conversations by Mr. Cosby and his authorized agents.

3. Relevant publications, including February 7, 2005, Celebrity Justice and March 4, 2005, Enquirer, and other relevant documents in possession of Celebrity Justice, The Enquirer, or other publications concerning Defendant's statements, statements of his representatives or agents, and statements made by potential witnesses to representatives of such publications.

4. Documents within the possession of the New York County District Attorney's Office and/or 19th Police Precinct, New York, NY, concerning Lachele Covington's allegation of sexual assault made against Defendant in 2000.

Plaintiff reserves the right to supplement this list as a result of discovery and/or as additional information becomes known or available to her.

C. **DAMAGES**

Plaintiff has sustained emotional and psychological damage, including post-traumatic stress disorder, anxiety, depression, and humiliation.

                        TROIANI/KIVITZ, L.L.P.

                        _____
                        Bebe H. Kivitz, Esquire
                        Dolores M. Troiani, Esquire
                        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Bebe H. Kivitz, hereby certify that Plaintiff's Self-executing Disclosures was served via facsimile and U.S. mail, postage prepaid, on the following:

Patrick J. O'Connor, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

                                            TROIANI/KIVITZ, L.L.P.

Date: April 6, 2005                     _____
                                            Bebe H. Kivitz
                                            Dolores M. Troiani
                                            Attorney for Plaintiff