IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
|     Plaintiff | : CIVIL ACTION |
| | : |
| v. | : NO. 05-CV-1099 |
| | : |
| WILLIAM H. COSBY, JR., | : |
|     Defendant | : |

## **O R D E R**

**AND NOW**, this _____ day of _____, 2005, upon consideration of Plaintiff's Motion to Compel Discovery Responses and to Strike Defendant's General Objections to Plaintiff's First Set of Interrogatories, supporting Memorandum of Law and opposition thereto, it is hereby **ORDERED** as follows:

    1.    Defendant shall produce complete discovery responses within ten (10) days of this Order; and

    2.    Defendant's General Objections to Plaintiff's First Set of Interrogatories are hereby stricken.

                                                BY THE COURT:

                                                _____
                                                          J.

TROIANI/KIVITZ, L.L.P.　　　　　　　　Attorneys for Plaintiff
Bebe H. Kivitz, Esquire
I.D. No.: 30253
Dolores M. Troiani, Esquire
I.D. No.: 21283
38 North Waterloo Road
Devon, PA 19333
(610) 688-8400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, : | |
|     Plaintiff | : CIVIL ACTION |
| : | |
| v. | : NO. 05-CV-1099 |
| : | |
| WILLIAM H. COSBY, JR., | : |
|     Defendant | : |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND TO STRIKE DEFENDANT'S GENERAL OBJECTIONS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

    Plaintiff Andrea Constand, by her undersigned counsel, moves this Court for an order compelling defendant to respond to plaintiff's discovery requests and striking defendant's general objections to Plaintiff's First Set of Interrogatories. In support of her Motion, plaintiff relies on the accompanying Memorandum of Law, which is incorporated by reference as if fully set forth herein.

                                      TROIANI/KIVITZ, L.L.P.


                                        /s/ Bebe H. Kivitz
                                        Bebe H. Kivitz, Esquire
                                        Dolores M. Troiani, Esquire
                                        Attorneys for Plaintiff

| TROIANI/KIVITZ, L.L.P. | Attorneys for Plaintiff |
|---|---|
| Bebe H. Kivitz, Esquire | |
| I.D. No.: 30253 | |
| Dolores M. Troiani, Esquire | |
| I.D. No.: 21283 | |
| 38 North Waterloo Road | |
| Devon, PA 19333 | |
| (610) 688-8400 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANDREA CONSTAND, | : | |
|---|---|---|
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-1099 |
| | : | |
| WILLIAM H. COSBY, JR., | : | |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DISCOVERY RESPONSES AND TO STRIKE DEFENDANT'S
<u>GENERAL OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**

Plaintiff Andrea Constand, through her counsel, Troiani/Kivitz, L.L.P., submits this Memorandum of Law in support of her Motion to Compel Discovery Responses and to Strike Defendant's General Objections to Plaintiff's First Set of Interrogatories.

Plaintiff served her First Set of Interrogatories Directed to Defendant William H. Cosby, Jr. on April 4, 2005, attached hereto as Exhibit "A". Pursuant to Fed.R.C.P. 33, Defendant's responses were due on May 4, 2005.[1]

On May 4, 2005, defense counsel wrote to plaintiff's counsel, stating, in relevant part:

> Please note that, with respect to the interrogatories, Defendant intends to supplement his responses with individual answers and objections, after resolution of his request for a protective order. In the interim, we are serving these initial responses to notify you of and preserve Defendant's objections.

Defense counsel's May 4, 2005, letter and General Objections to Plaintiff's First Set of Interrogatories are attached hereto as Exhibit "B".

---

[1] Plaintiff was similarly served with defendant's interrogatories on April 1, 2005, and has forwarded timely specific objections and responses to defendant.

1

Fed. R. Civil Procedure 37 states, in pertinent part:

> **(a) Motion For Order Compelling Disclosures or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:
> **(2) Motion. (B)** If…a party fails to answer an interrogatory submitted under Rule 33,…the discovering party may move for an order compelling an answer…

Defendant's pending Motion for a Protective Order seeks confidentiality; it does not seek to stay discovery. Further, defendant has not moved for any protective relief concerning plaintiff's discovery requests, nor has defendant moved to stay discovery. There is simply no legitimate justification for defendant to unilaterally withhold discovery. Courts are very clear on this issue. Stays of discovery are disfavored, particularly where, as here, an underlying motion will not dispose of plaintiff's case. *Keystone Coke Co. v. Pasquale*, 1999 U.S. Dist. Lexis 170 (E.D. Pa.); *Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, 1993 U.S. Dist. Lexis 3734 (E.D. Pa.).

Moreover, courts are particularly reticent to grant stays of discovery because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. *Worldcom Technologies, Inc. v. Intelnet Int'l, Inc.*, 2002 U.S. Dist. Lexis 15892 (E.D. Pa.); *Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, 1993 U.S. Dist. Lexis 3734 (E.D. Pa.).

This case is even more extreme. Defendant has taken this action on his own, without any authority from the Court. It is clear that where a party refuses to provide timely discovery responses, he may be sanctioned pursuant to Fed. R. Civil Proc. 37(d), which states, in pertinent part: "If a party…fails…(2) to serve answers or objections to interrogatories submitted under Rule 33,…the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure…". Therefore, where plaintiffs did not respond to a request for documents and submit to the taking

of depositions, the Court ordered appropriate sanctions, and dismissed plaintiff's case. Defendant here has subjected himself to sanctions for his cavalier attitude toward the rules governing discovery responses.

Finally, defendant has forwarded only general objections to Plaintiff's First Set of Interrogatories. Fed. R. Civil Procedure 33(b) requires, in pertinent part:

> **(1)** …the objecting party shall state the reasons for objection and shall answer to the extent ***the interrogatory*** is not objectionable.
> **(4)** All grounds for an objection to ***an interrogatory*** shall be stated with specificity.
> (emphasis added)

Defendant did not object specifically to any interrogatory, and these general objections are insufficient as a matter of law. Accordingly, plaintiff requests that defendant's general objections be stricken.

TROIANI/KIVITZ, L.L.P.


 /s/ Bebe H. Kivitz
Bebe H. Kivitz, Esquire
Dolores M. Troiani, Esquire
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I, Bebe H. Kivitz, hereby certify that on the date indicated below, a true and correct copy of Plaintiff's Motion and Memorandum of Law to Compel Discovery Responses and to Strike Defendant's General Objections to Plaintiff's First Set of Interrogatories, was served via regular First Class mail, postage prepaid, on the following:

Patrick J. O'Connor, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Andrew D. Schau, Esquire
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

                                            TROIANI/KIVITZ, L.L.P.

                                            /s/ Bebe H. Kivitz
                                            Bebe H. Kivitz, Esquire
                                            Dolores M. Troiani, Esquire
                                            Attorneys for Plaintiff

Date: May 9, 2005