IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND,     :
   Plaintiff       : CIVIL ACTION
            :
   v.         : NO. 05-CV-1099
            :
WILLIAM H. COSBY, JR.,    :
   Defendant      :

## <u>ORDER</u>

AND NOW, this _____ day of _____ 2005, upon consideration of the Motion of Jane Doe Witnesses to Protect the Disclosure of their Names, supporting Memorandum of Law and opposition thereto, IT IS HEREBY ORDERED as follows:

1.  The identity of the Jane Doe witnesses identified herein shall not be disclosed to the media.  The parties are directed that the identities of the Jane Doe witnesses identified herein shall not be disclosed to anyone other than the parties in this case, counsel for the parties, and any representatives working on their behalf.

2.  The witnesses seeking protection herein shall be referred to as "Jane Doe" with a number suffix, e.g., "Jane Doe 1", etc. in all discovery responses, transcripts, and court filings.

BY THE COURT:

_____
                J.

B. Joyce Dale, Esquire                          Attorneys for Plaintiff
I.D. No. 70093
Crime Victim's Law Center
202 N. South Avenue
Media, PA 19063


Judith Rubino, Esquire
I.D. No. 14203
1528 J.F.K. Blvd., Suite 1204
Philadelphia, PA 19102


Ralph A. Jacobs, Esquire
I.D. No. 21387
Ralph A. Jacobs & Associates
215 S. Broad Street, 10th Floor
Philadelphia, PA 19107


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, | : | |
| Plaintiff | : CIVIL ACTION | |
| | : | |
| v. | : NO. 05-CV-1099 | |
| | : | |
| WILLIAM H. COSBY, JR., | : | |
| Defendant | : | |


**MOTION OF JANE DOE WITNESSES TO PROTECT
<u>DISCLOSURE OF THEIR NAMES OUTSIDE OF THIS LITIGATION</u>**

The Jane Doe witnesses specified below, by their undersigned counsel, move this Court

for an order protecting their identity from the media.  In support of their Motion, the Jane Doe

witnesses rely on the accompanying Memorandum of Law, which is incorporated by reference as

1

if fully set forth herein.

_____
B. Joyce Dale, Esquire
I.D. No. 70093
Crime Victim's Law Center
202 N. South Avenue
Media, PA 19063

**and**

Judith F. Rubino, Esquire
I.D. No. 14203
1528 J.F.K. Blvd., Suite 1204
Philadelphia, PA 19102

**and**

Ralph A. Jacobs, Esquire
I.D. No. 21387
Ralph A. Jacobs & Associates
215 S. Broad Street, 10th Floor
Philadelphia, PA 19107

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND,                          :
         Plaintiff                      : CIVIL ACTION
                                        :
         v.                             : NO. 05-CV-1099
                                        :
WILLIAM H. COSBY, JR.,                     :
         Defendant                      :

**MEMORANDUM OF LAW OF JANE DOE WITNESSES TO PROTECT
THE DISCLOSURE OF THEIR NAMES OUTSIDE THIS LITIGATION**

      This motion is filed by three separate counsel, B. Joyce Dale, Esquire, Judith Rubino, Esquire, and Ralph Jacobs, Esquire, who are each presently representing at least one Jane Doe witness in this litigation.  The reasons for the relief sought are set forth below.

      Plaintiff's counsel have previously made clear the scope of the relief requested by the Jane Doe witnesses identified below.  Each witness has come forward voluntarily to lend support to plaintiff's case by testifying to similar events each has experienced with the defendant.  None of the Jane Doe witnesses knows the plaintiff personally.  None of the Jane Doe witnesses stands anything to gain by coming forward at this time. Each of the Jane Doe witnesses is aware that her identity has been disclosed to defendant, and that defendant will have the right to take discovery as well as to cross-examine her.  Each of the specified Jane Doe witnesses is willing to subject herself to such scrutiny within the context of this litigation; still, the Jane Doe witnesses specified below are not celebrities or public personalities. They wish their identities to be protected from the media to avoid the type of media frenzy associated with other celebrity cases, and already associated with this case.

      In fact, members of the media have called the plaintiff here, Andrea Constand, on her home telephone line, uninvited to do so, and have visited her at her home, similarly uninvited.

On one occasion, a reporter showed up unexpectedly and without prior notice at plaintiff's home with flowers, appearing to be a delivery man, in an attempt to solicit an "exclusive interview". Moreover, the media attention has originated from many and multiple sources, and has been relentless. The media calls have stemmed from local newspapers and television stations as well as out-of-state newspapers, Canadian newspapers, The National Enquirer, CNN, FoxNews, MSNBC, Celebrity Justice, and The Geraldo Rivera Show, to name but a few.  The Jane Doe witnesses do not seek this attention, but more importantly, several of them are specifically requesting that they not be contacted or harassed as plaintiff was.  Each Jane Doe witness is prepared to testify and be cross-examined here; however, none of the Jane Doe witnesses specified below wishes to invite unsolicited media attention and the stress associated with it.

Counsel for the Jane Doe witnesses hereby incorporate plaintiff's Motion to Protect the Identity of Rule 415 Jane Doe Witnesses as though fully set forth herein, which is attached hereto as Exhibit "A".  In addition, consistent with the Court's June 2, 2005 Order, counsel for the Jane Doe witnesses submit the following reasons, supplied by the witnesses, all of which constitute good cause, pursuant to F.R.E 26(c), why the Jane Doe names should not be disclosed outside the scope of this litigation[1].

## 1. JANE DOE NO. 1

Jane Doe No. 1 lives in a small town.  She is a private person, as is her 87 year old father and 82 year old mother.  She is not the type of person to invite media attention, nor does she or her family want it.  She believes that she has a moral and civic obligation to participate here as a witness.  At the same time, she believes that she and her elderly parents will be unable to cope

---

[1] Counsel have not submitted affidavits or disclosures that would necessitate the signatures of the witnesses, given that the names have not previously been disclosed in a motion or pleading, and counsel are requesting in this motion that their names not be disclosed outside of this litigation.

with significant media attention or publicity, and will find it too stressful.  She requests that her identity not be revealed to the media.

**2. JANE DOE NO. 2**

Jane Doe No. 2 suffers from and has been treated for bipolar disorder.  She does not want her privacy invaded, and feels that such an invasion would be upsetting to her, would be detrimental to her medical  condition, and in fact might exacerbate her symptoms.  She does not want to be contacted by the news, and does not want her family contacted.  She believes that any unsolicited coverage or calls from the media will have a detrimental effect on her and her family, and will be a source of additional stress.

**3. JANE DOE NO. 3**

Jane Doe No. 3 values her privacy, and requests that it be respected.  She does not want her privacy invaded.  She believes that it would be devastating for her to be contacted by the press or by defendant's fans or supporters.  She believes that defendant's fans or supporters might try to harass her, contact her, or otherwise give her a difficult time.  Jane Doe No. 3 is also employed by a gambling casino; she believes that she could in fact lose her job if she is contacted at her place of employment, and further, that she could lose her job if the casino management has a problem simply with her being in the limelight because of her status as a Jane Doe witness here.

**4. JANE DOE NO. 4**

Jane Doe No. 4 does not want media attention or media contact, and believes it would be too stressful.  She especially wants to protect the privacy of her family.  Her husband has been ill, and has undergone brain surgery within the last month.  As a result of his medical condition and treatment, she feels it is imperative that she and her family suffer no additional stress.

**5. JANE DOE NO. 5**

Jane Doe No. 5 is not requesting that her identity be kept private.

**6. JANE DOE NO. 6**

Jane Doe No. 6 does not want any notoriety, publicity, or media attention as a result of her involvement as a witness here. She wants her life to remain private and, most importantly, the same. She recognizes the time commitment associated with being a witness in these proceedings; still, she does not want the press interfering with her time outside of the scope of this case, or interfering with her ability to maintain her career or her contacts with her clients.

**7. JANE DOE NO. 7**

Jane Doe No. 7 does not want to be contacted by the news media, and does not want to suffer embarrassment from any such attention. She does not want her friends and family contacted, including her child who is starting a new school, or that child's school. She also fears that her child may be subjected to harassment or ridicule if her name were revealed in the press. She has recently reentered therapy as a result of dealing with the psychological repercussions over the prior events with defendant, after coming forward here. She feels that media attention would exacerbate these stressful life events for her, and therefore, she asks that her identity not be released outside of this litigation.

**8. JANE DOE NO. 8**

Counsel hereby incorporates the separate Motion to Extend the Suspension Period of the Court's Order Regarding the Identity of the Jane Doe Witnesses as to Jane Doe No. 8, submitted by plaintiff's counsel, as though fully set forth herein.

**9. JANE DOE NO. 9**

Jane Doe No. 9 is not seeking, and does not want, any publicity or notoriety in connection with her participation here as a witness. She does not want to be contacted, bothered, or harassed by the media.

## 10. JANE DOE NO. 10

Jane Doe No. 10 believes that media attention will be humiliating, and she does not want it.  She does not want people showing up at her house, whether it be defendant's fans, the press, or cameramen.  She does not want any of these sources contacting her.  She understands that as a witness, she will be deposed and will testify subject to cross-examination, but does not seek publicity, and does not want her name disclosed to others outside of this litigation.

## 11. JANE DOE NO. 11

Jane Doe No. 11 does not want to be harassed by the media or by others.  She values her privacy, and requests that it be respected.  She summed up her feelings in the following way: having already been a victim, she feels that she will be victimized again if her name is disclosed outside of this litigation.

## 12. JANE DOE NO. 12

Jane Doe No. 12 does not want to be contacted, bothered or harassed by the media, and believes that such contact would be intrusive.

For the reasons stated in the Motion to Protect the Identity of the Rule 415 Jane Doe Witnesses, as well as the individual good cause demonstrated herein, the above specified Jane

Doe witnesses respectfully request the Court to protect the release of their names outside of this

litigation, and requests that the Court order defendant not to disclose their names to others

outside of this litigation.

Respectfully submitted,

_____
B. Joyce Dale, Esquire
Attorney I.D. No. 70093
Crime Victim's Law Center
202 N. South Avenue
Media, PA 19063
Attorney for Jane Doe Nos. 1-7 and
Jane Doe No. 9

**and**

Judith F. Rubino, Esquire
Attorney I.D. No. 14203
1528 J.F.K. Blvd., Suite 1204
Philadelphia, PA 19102
Attorney for Jane Doe No. 10 and
Jane Doe No. 11

**and**

Ralph A. Jacobs, Esquire
Attorney I.D. No. 21387
Ralph A. Jacobs & Associates
215 S. Broad Street, 10th Floor
Philadelphia, PA 19107
Attorney for Jane Doe No. 12

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND,                          :
       Plaintiff                        : CIVIL ACTION
                                :
       v.                               : NO. 05-CV-1099
                                :
WILLIAM H. COSBY, JR.,                     :
       Defendant                        :

## ORDER

       AND NOW, this _____ day of _____ 2005, upon consideration of Plaintiff's Motion to Protect the Identity of Rule 415 Jane Doe Witnesses, supporting Memorandum of Law and opposition thereto, IT IS HEREBY ORDERED as follows:

       1.  The identity of the Jane Doe witnesses shall not be disclosed to the media.  In order to assure this, their identities shall not be disclosed to anyone other than the parties in this case, counsel for the parties, and any representatives working on their behalf.

       2.  All Plaintiff's Rule 415 witness shall be referred to as "Jane Doe" with a number suffix, e.g., "Jane Doe 1", etc. in all discovery responses, transcripts and court filings.


                                BY THE COURT:


                                _____
                                                    J.

TROIANI/KIVITZ, L.L.P.                    Attorneys for Plaintiff
Bebe H. Kivitz, Esquire
I.D. No.: 30253
Dolores M. Troiani, Esquire
I.D. No.: 21283
38 North Waterloo Road
Devon, PA 19333
(610) 688-8400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND,                    :
            Plaintiff               : CIVIL ACTION
                                    :
        v.                          : NO. 05-CV-1099
                                    :
WILLIAM H. COSBY, JR.,              :
            Defendant               :

**PLAINTIFF'S MOTION TO PROTECT THE**
**IDENTITY OF RULE 415 JANE DOE WITNESSES**

Plaintiff Andrea Constand, by her undersigned counsel, moves this Court for an order

protecting the identity of F.R.E. 415 witnesses from the media.  In support of her Motion,

plaintiff relies on the accompanying Memorandum of Law, which is incorporated by reference as

if fully set forth herein.

                                    TROIANI/KIVITZ, L.L.P.


                                     /s/ Bebe H. Kivitz
                                    Bebe H. Kivitz, Esquire
                                    Dolores M. Troiani, Esquire
                                    Attorneys for Plaintiff

TROIANI/KIVITZ, L.L.P.                    Attorneys for Plaintiff
Bebe H. Kivitz, Esquire
I.D. No.: 30253
Dolores M. Troiani, Esquire
I.D. No.: 21283
38 North Waterloo Road
Devon, PA 19333
(610) 688-8400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND,                    :
     Plaintiff                    : CIVIL ACTION
                                           :
     v.                    : NO. 05-CV-1099
                                           :
WILLIAM H. COSBY, JR.,                    :
     Defendant                    :

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION
TO PROTECT THE IDENTITY OF RULE 415 JANE DOE WITNESSES**

      Plaintiff Andrea Constand ("Constand") submits this Memorandum of Law in support of
her Motion to Protect the Identity of Rule 415 Jane Doe Witnesses.

      At trial, plaintiff will seek the admissibility of testimony of ten or more witnesses
pursuant to F.R.E. 415.  These witnesses – identified in Plaintiff's "Self-Executing Disclosures"
as "Jane Doe" witnesses – will testify about prior similar sexual assaults and/or drugging
incidents perpetrated by the Defendant.  *See* Plaintiff's Self-Executing Disclosures pursuant to
Federal R. Civ. Proc. 26(a) & 28 U.S.C. § 473(a)(4), attached hereto as Exhibit "A".  Plaintiff
does not seek to protect the identity of these witnesses from defendant. However, because of the
sensitive and personal nature of these witnesses' testimony, plaintiff seeks to protect their
identity from the press and the public by requesting the Court to issue a protective order, before
their actual identities are revealed to defendant and his counsel.

## ARGUMENT

### The Motion to Protect the Identity of the Jane Doe Witnesses should be granted because their Privacy Concerns Outweigh the Public's right to know their Identity.

Plaintiff proposes to identify the Jane Doe witnesses to defendant in this litigation, but not identify them by name to the press. The anticipated testimony of the Jane Doe witnesses relates to the obviously sensitive subject matter of sexual assaults and/or druggings. Of equal concern is that disclosure of the witness's identities may place them at risk of further physical and psychological harm from media exposure or from overly zealous fans and supporters of the celebrity defendant[2]. These concerns are critical because whether plaintiff should publicly disclose the identities of the Jane Doe witnesses rests upon a weighing of their privacy and security interests against the public's need to know their names and addresses.

Other Courts have weighed these interests and, typically, extend protection to testifying witnesses. In *James v. Tilghman*, 194 F.R.D. 398 (D. Conn. 1999), for example, the Court was confronted with a similar issue pertaining to a civil suit against the Connecticut Department of Corrections over its failure to protect the plaintiff inmate from sexual assaults by his cellmate. The plaintiff wished to call certain Rule 415 inmate witnesses, who had also been subject to sexual assaults by the same cellmate. In this instance, the defendant and not plaintiff knew the identities of the witnesses. Plaintiff filed a motion to compel discovery of the inmate identities and defendant filed a motion to preclude their identities. *Id*. at 399. The court held that disclosure of the inmate identities subjected them to a possible security risk and "in balancing the interests of all parties concerned" set forth procedures that required the cellmates' consent as a precondition to disclosing their identities, otherwise disclosure would not be permitted. *Id*. at 402.

---

[2] Indeed, this is not a specious concern. Although the press routinely declines to print the name of sexual assault complainants, in this case both plaintiff's name and picture were published in various sources.

In another example, *Jason Doe v. American Nat. Red Cross*, 151 F.R.D. 71, 72 (S.D. W.Va. 1993), the Judge Magistrate performed a similar balancing analysis in determining whether the identity of a deceased blood donor should be disclosed to plaintiff transfusion recipient.  The court ordered that the confidentiality of the donor identity be maintained but subject to limited disclosure for discovery purposes. *Id*. at 74-75, n.5.  *See also Landano v. U.S. Dept. of Justice*,  956 F.2d 422, 430 -431 (3rd Cir. 1992) (no public interest in disclosure of names under FOIA request for FBI files where individuals involved have some privacy interest in not having names disclosed in connection with criminal investigation).

Likewise, in *Carhart v. Ashcroft*, 300 F. Supp.2d 921 (2004), an action to enjoin enforcement of the Partial-Birth Abortion Ban Act of 2003, plaintiffs moved to protect the identity of their expert witness who had performed the banned procedures.  The court held that the witness, a non-party, was uniquely qualified to testify that his or her safety would be compromised by disclosure of the witness's identity. *Id*. at 922.  The court opined:

> The court may take all reasonable steps necessary to protect the witness during discovery, at trial, and thereafter. *See, e.g.,* Federal Rule of Evidence 611(a) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to ... (3) protect witnesses from harassment or undue embarrassment") & Federal Rule of Civil Procedure 26(c) (permitting the court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden ...."). In extraordinary circumstances, "where the safety ... of a witness ... might be jeopardized by compelling testimony to be given under normal conditions, the courts have permitted testimony to be given in camera, outside the courtroom, or under other circumstances that afford protection." 28 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6164, at 350-51 (1993) (footnotes omitted).

*Id*. at 922 -923.  *See also Fluke v. Heidrick & Struggles, Inc.*, 2004 WL 884455, 2 (E.D. Pa 2004) (in negligence suit against executive recruitment form, identities may be protected where

disclosure of names and addresses would be harmful to search candidates and to defendant's ability to perform executive searches); *McMullan v. Wohlgemuth*, 444 Pa. 563, 567, 281 A.2d 836, 838 (1971) (Pennsylvania Right to Know Act excludes disclosure of information which would operate to the prejudice or impairment of a person's reputation or personal security).

In the instant case, it is difficult to identify what public interest, if any, will be served by disclosing the identity to the media of the Jane Doe witnesses. The public, of course, will have access to the substance of the testimony; but the identity of the testifying witness will add little to the public's knowledge of the proceedings. On the other hand, without the imposition of a confidentiality order and with fear of embarrassment and possible retaliation, there is a risk of harm to each of the witnesses should their identities become publicly broadcast. Clearly, the balance here weighs heavily in favor of preserving the privacy of the Jane Doe witnesses.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff Andrea Constand respectfully requests this Court to grant her Motion to Protect the Identity of Rule 415 Jane Doe Witnesses.

Respectfully submitted,

TROIANI/KIVITZ, L.L.P.


 /s/ Bebe H. Kivitz
Bebe H. Kivitz, Esquire
Dolores M. Troiani, Esquire
Attorneys for Plaintiff

4

**CERTIFICATE OF SERVICE**

I, Bebe H. Kivitz, hereby certify that Plaintiff's Motion and Memorandum of Law to

Protect the Identity of the Rule 415 Jane Doe Witness was filed electronically and is available for

viewing and downloading from the ECF system.  I further certify that a true and correct copy of

said document was served via regular First Class mail, postage prepaid, on the following:

Patrick J. O'Connor, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Andrew D. Schau, Esquire
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036

                              TROIANI/KIVITZ, L.L.P.


                               /s/ Bebe H. Kivitz
                              Bebe H. Kivitz, Esquire
                              Dolores M. Troiani, Esquire
                              Attorneys for Plaintiff

Date: April 19, 2005

# EXHIBIT "A"

```
TROIANI/KIVITZ, L.L.P.              Attorneys for Plaintiff
Bebe H. Kivitz, Esquire
I.D. No.: 30253
Dolores M. Troiani, Esquire
I.D. No.: 21283
38 North Waterloo Road
Devon, PA 19333
(610) 688-8400
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
ANDREA CONSTAND,                 :
          Plaintiff             : CIVIL ACTION
                                 :
          v.                     : NO. 05-CV-1099
                                 :
WILLIAM H. COSBY, JR.,           :
          Defendant             :
```

**SELF-EXECUTING DISCLOSURES PURSUANT TO**
**FEDERAL R. CIV. PROC. 26(a) & 28 U.S.C. §473(a)(4)**

Plaintiff, by and through her counsel, Troiani/Kivitz, L.L.P., provides the following disclosures:

A.    **WITNESSES:**

1.    Andrea Constand
      Confidential address
      Pickering, Ontario

2.    Gianna Constand
      Confidential address
      Pickering, Ontario

3.    Detective Richard Shaffer
      Cheltenham Township Police Dept.
      8230 Old York Road
      Elkins Park, PA 19027

4.    Lt. Richard Peffall
      Montgomery County Detective Bureau
      One Montgomery Plaza, Suite 502
      Norristown, PA 19401

5.  Jennifer Sprague
    Psychotherapist
    53 Rabbit Street
    Lakefield, Ontario

6.  William H. Cosby, Jr.
    8210 New Second Street
    Cheltenham, Pennsylvania

7.  Barry Levine
    The National Enquirer, Inc.
    1000 American Media Way
    Boca Raton, Florida 33464

8.  Joe Tobin
    Celebrity Justice
    New York, New York


Fed. R. Evid. 415 Witnesses, as to prior sexual assaults:

9.  Tamara Lucier Green, Esquire
    Confidential address
    Ventura, California
    Plaintiff believes this witness is in the process of
    retaining legal counsel

10. Jane Doe 1
    Confidential address
    Taos, New Mexico
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

11. Jane Doe 2
    Confidential address
    Spring Hill, Florida
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

12. Jane Doe 3
    Confidential address
    Las Vegas, Nevada
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

13. Jane Doe 4
    Confidential address
    Portola Valley, California
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

14. Jane Doe 5
    Confidential address
    Denver, Colorado
    Plaintiff believes this witness is in the process of
    retaining legal counsel

15. Jane Doe 6
    Confidential address
    Toledo, Ohio
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

16. Jane Doe 7
    Confidential address
    Cave Creek, Arizona
    Represented by Joyce Dale, Esquire, Media, PA
    Witness may be contacted through her legal counsel

16. Jane Doe 8
    Confidential address
    Monument, Colorado

16. Jane Doe 9
    Confidential address
    Corralitos, California
    Plaintiff believes this witness is in the process of
    retaining legal counsel


    Plaintiff reserves the right to supplement this list as a
result of discovery and/or as additional information becomes
known or available to her, as additional Jane Doe witnesses are
located, or as additional Jane Doe witnesses who have contacted
Plaintiff's counsel indicate their willingness to be listed as
trial witnesses.


B.  **DOCUMENTS**

    1. Documents constituting the criminal investigation in
this matter.

2.    Documents constituting transcripts of telephone conversations by Mr. Cosby and his authorized agents.


3.    Relevant publications, including February 7, 2005, Celebrity Justice and March 4, 2005, Enquirer, and other relevant documents in possession of Celebrity Justice, The Enquirer, or other publications concerning Defendant's statements, statements of his representatives or agents, and statements made by potential witnesses to representatives of such publications.

4.    Documents within the possession of the New York County District Attorney's Office and/or 19th Police Precinct, New York, NY, concerning Lachele Covington's allegation of sexual assault made against Defendant in 2000.

Plaintiff reserves the right to supplement this list as a result of discovery and/or as additional information becomes known or available to her.

C.    **DAMAGES**

Plaintiff has sustained emotional and psychological damage, including post-traumatic stress disorder, anxiety, depression, and humiliation.


                              TROIANI/KIVITZ, L.L.P.



                              _____
                              Bebe H. Kivitz, Esquire
                              Dolores M. Troiani, Esquire
                              Attorneys for Plaintiff

6

## CERTIFICATE OF SERVICE

I, Bebe H. Kivitz, hereby certify that Plaintiff's Self-executing Disclosures was served via facsimile and U.S. mail, postage prepaid, on the following:

Patrick J. O'Connor, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

                                        TROIANI/KIVITZ, L.L.P.


Date: <u>April 6, 2005</u>            _____
                                        Bebe H. Kivitz
                                        Dolores M. Troiani
                                        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, B. Joyce Dale, hereby certify that on the date indicated below the undersigned served

the Motion of Jane Doe Witnesses to Protect the Disclosure of their Names by facsimile and

U.S. First Class mail, postage prepaid, on the following:

Patrick J. O'Connor, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Andrew D. Schau, Esquire
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036


_____
B. Joyce Dale, Esquire
Crime Victim's Law Center
202 N. South Avenue
Media, PA 19063


Date: June 13, 2005