IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND,

    Plaintiff,

v.

WILLIAM H. COSBY, JR.,

    Defendant.

No. 05-cv-1099

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant hereby answers Plaintiff's Amended Complaint, as follows:

### A. Jurisdiction and Venue

1. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph one of the Amended Complaint and, therefore, denies them.

2. Admitted in part; denied in part. Defendant admits that he maintains a residence at 8210 New Second Street, Elkins Park, Pennsylvania. Defendant denies the remaining allegations contained in paragraph 2 of the Amended Complaint.

3. The allegations contained in paragraph three of the Amended Complaint constitute conclusions of law, to which no response is required.

4. The allegations contained in paragraph four of the Amended Complaint constitute conclusions of law, to which no response is required.

## B. The Parties

5. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph five of the Amended Complaint and, therefore, denies them.

6. Admitted.

## C. Factual Background

7. Paragraph seven of the Amended Complaint contains no factual allegations. Therefore, no response is required.

8. Defendant admits that, to his knowledge and memory, Plaintiff was employed by the Temple University Women's Basketball Program, for a period of time in the last five years. He also admits that he met Plaintiff through their mutual connection to Temple University. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph eight of the Amended Complaint and, therefore, denies them.

9. Defendant admits that, over the course of Plaintiff's employment by Temple University, he befriended Plaintiff and attempted to help and encourage her professional development. Defendant admits that, to his knowledge, Plaintiff considered him to be a friend and mentor. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph nine of the Amended Complaint and, therefore, denies them.

10. Defendant admits that, from when they first became friends until some point prior to January 2005 (when Plaintiff first made her allegations against Defendant), Plaintiff and he saw each other socially. He admits that these social interactions included various group dinners and other functions at his Elkins Park home. Defendant also admits that these social interactions

included one-on-one dinners and evenings at his Elkins Park home and other locations. He also admits that Plaintiff attended a dinner party with him in March 2004 and attended one of his performances in August 2004. He admits that, during the course of their friendship, Plaintiff and he discussed many topics, including basketball, Plaintiff's career and personal development, job opportunities, and Plaintiff's spiritual beliefs.

11. Denied as stated. By way of further answer, Defendant admits that, on more than one occasion, he invited Plaintiff to his Elkins Park home, and she accepted. On certain of these occasions, Plaintiff was Defendant's only guest. Plaintiff and Defendant discussed, as they often did, Plaintiff's career. Defendant does not recall the exact dates or times of Plaintiff's visits.

12. Defendant incorporates his answer to paragraph eleven of the Complaint.

13. Denied as stated. Defendant admits that, during one of Plaintiff's one-on-one visits to his Elkins Park home, Plaintiff complained of tension and an inability to sleep. Defendant denies the remaining allegations contained in paragraph 13 of the Amended Complaint.

14. Denied. By way of further answer, Defendant states that, in response to Plaintiff's complaint of tension and inability to sleep, he offered Plaintiff one and one-half tablets of over-the-counter Benadryl®.

15. Denied.

16. Defendant admits that Plaintiff accepted the tablets that he offered her. Defendant denies the remaining allegations contained in paragraph 16 of the Amended Complaint.

17. Denied.

18. Defendant admits that he offered Plaintiff one and one-half tablets of over-the-counter Benadryl®. Defendant denies the remaining allegations contained in paragraph 18 of the Amended Complaint.

19. Denied.

20. Denied as stated.

21. Denied.

22. Denied.

23. Denied.

24. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint and, therefore, denies them.

25. Denied.

26. Denied as stated. By way of further answer, Defendant states that, when he came downstairs to wake Plaintiff, she was already awake. Defendant denies wearing only a bathrobe.

27. Admitted. By way of further answer, Defendant states that prior to Plaintiff's departure from his Elkins Park home, Defendant served Plaintiff a breakfast consisting of a homemade blueberry muffin and a cup of hot tea.

28. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint and, therefore, denies them.

29. Defendant admits that, between January 13, 2005 and the present, he has made statements that have been published by the media. The publications and broadcasts speak for themselves. Defendant denies the remaining allegations contained in paragraph 29 of the Amended Complaint.

30. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint and, therefore, denies them. By way of further answer, Defendant states, upon information and belief, that Plaintiff's identity as Defendant's accuser was first made public by a member of Plaintiff's family.

31. Denied as stated. Defendant admits that, on February 21, 2005, he was interviewed by a reporter for *The National Enquirer* and that the subjects covered in the interview included Plaintiff's allegations. He also admits that *The National Enquirer* subsequently published an article that purported to set forth portions of his statements during the interview. That article speaks for itself. Defendant denies the remaining allegations contained in paragraph 31 of the Amended Complaint.

32. Denied.

## COUNT I
## Andrea Constand v. William Cosby
## Battery

33. Paragraph 33 of the Amended Complaint contains no factual allegations. Therefore, no response is required.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

WHEREFORE, Defendant demands the entry of judgment in his favor and against Plaintiff and an award of his costs, his attorneys fees, and such other relief as the Court deems appropriate.

## COUNT II
### Andrea Constand v. William Cosby
### Assault

41. Paragraph 41 of the Amended Complaint contains no factual allegations. Therefore, no response is required.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

WHEREFORE, Defendant demands the entry of judgment in his favor and against Plaintiff and an award of his costs, his attorneys fees, and such other relief as the Court deems appropriate.

## COUNT III
### Andrea Constand v. William Cosby
### Intentional and Negligent Infliction of Emotional Distress

49. Paragraph 49 of the Amended Complaint contains no factual allegations. Therefore, no response is required.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

WHEREFORE, Defendant demands the entry of judgment in his favor and against Plaintiff and an award of his costs, his attorneys fees, and such other relief as the Court deems appropriate.

## COUNT IV
### Andrea Constand v. William Cosby
### Defamation/Defamation Per Se

56. Paragraph 56 of the Amended Complaint contains no factual allegations. Therefore, no response is required.

57. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Amended Complaint and, therefore, denies them.

58. Denied.

59. Denied.

60. Denied as stated. Defendant admits that, on February 21, 2005, he was interviewed by a reporter for *The National Enquirer* and that the subjects covered in the interview included Plaintiff's allegations. The article purportedly publishing some of his statements during that interview speaks for itself. Defendant denies the remaining allegations contained in paragraph 60 of the Amended Complaint.

61. Denied.

62. Denied.

63. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Amended Complaint and, therefore, denies them.

64. Denied.

65. Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Amended Complaint and, therefore, denies them.

66. Denied.

WHEREFORE, Defendant demands the entry of judgment in his favor and against Plaintiff and an award of his costs, his attorneys fees, and such other relief as the Court deems appropriate.

## COUNT V
## Andrea Constand v. William Cosby
## False Light/Invasion of Privacy

67. Paragraph 67 of the Amended Complaint contains no factual allegations. Therefore, no response is required.

68. Denied.

69. Defendant admits that, on February 21, 2005, he was interviewed by a reporter for *The National Enquirer* and that the subjects covered in the interview included Plaintiff's allegations. The article purportedly publishing some of his statements during that interview speaks for itself. Defendant denies the remaining allegations contained in paragraph 69 of the Amended Complaint.

70. Denied.

71. Denied.

72. Denied.

WHEREFORE, Defendant demands the entry of judgment in his favor and against Plaintiff and an award of his costs, his attorneys fees, and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the applicable statute of limitations.

2. Plaintiff's claims are barred by the doctrines of estoppel and laches.

Dated: September 8, 2005

*s/ Patrick J. O'Connor*
Patrick J. O'Connor
George M. Gowen III
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
215.665.2000

Andrew D. Schau
PATTERSON, BELKNAP,
  WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212.336.2000

*Attorneys for Defendant*