IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND               :    CIVIL ACTION
                                :    05-1099
        Plaintiff,         :
                                :
        v.                   :
                                :
WILLIAM H. COSBY, JR.        :
                                :
        Defendant.        :

## CASE MANAGEMENT ORDER 2

**AND NOW**, this **4th** day of **November 2005**, it is hereby **ORDERED** that parties seeking to compel discovery shall file those requests as follows:

1. Each party shall file any request to compel by **November 21, 2005**;

2. Each request shall appear on a separate page, numbered consecutively;

3. Each request shall quote the specific question and answer given at the deposition, without argument of counsel;

4. Each question and answer shall be followed by a pinpoint citation to the deposition transcript, together with the legal authority supporting the request and a brief explanation;

5. The responding party shall file a response to each request by **December 6, 2005**;

6. Each response shall include whether the party objects in full, objects in part or does not object to the request, and any objection shall be supported by legal authority

and a brief explanation;

7. Each response shall be on a separate page, numbered to correspond with the request to which it pertains;

8. The parties requesting discovery may file a memorandum of law addressing overarching issues, i.e. attorney-client privilege, Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993), and Applied Telematics, Inc. v. Sprint Corp., No. 94-4603, 1995 U.S. Dist. Lexis 2191 (E.D. Pa. Feb. 22, 1995), type of objections, as well as a summary of the arguments in the requests to compel; and

9. Any party opposing the lifting of the seal shall show cause why the seal should not be lifted by filing a memorandum of law by **December 21, 2005**.  Any party supporting the lifting of the seal shall file a memorandum of law by **January 9, 2006**.

**IT IS FURTHER ORDERED** that all requests for discovery, responses and legal memoranda filed pursuant to this order shall be filed **UNDER SEAL.**[1]

---

[1]The parties in this case have taken the depositions of plaintiff and defendant.  By agreement of the parties, and as is customary in civil litigation, Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984), the depositions were taken in private. Certain issues have arisen, inter alia, concerning the permissible scope of inquiry, the role of counsel at deposition and the extent to which a witness may rely upon prior statements in answering questions.  The issues have been brought to the Court's attention by way of letters from counsel to the Court. The Court has reviewed the transcripts of the depositions and conferred with the parties.

**AND IT IS SO ORDERED.**

_____

**EDUARDO C. ROBRENO, J.**

_____

        The Court has previously recognized the common law right of access to judicial proceedings in a civil case. See Constand v. Cosby, 229 F.R.D. 472, 478 (E.D. Pa. 2005) (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1066 (3d Cir. 1984)).  Concomitantly, the Court has also recognized that the public's right of access is not absolute, id. at 479 (citing In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001)), and may be limited or conditioned upon a showing of good cause.  Id. at 479 (citing Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)).  The burden is on the party seeking to limit discovery. See id. (citing Glenmede Trust Co., 56 F.3d at 483).

        It is in the context of a discovery dispute that Court again is called upon to balance the private and public interests implicated in this case.  The purpose of this protocol is to develop a record upon which the Court may calibrate the scales upon which the proper balancing of private and public interests may take place.  See id. (citing Glenmede Trust Co., 56 F.3d at 483).