(52)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
| Plaintiff, | : |
| v. | : No. 05-cv-1099 |
| WILLIAM H. COSBY, JR., | : |
| Defendant. | : |

## ORDER

AND NOW, this ___ day of _____, 200__, upon consideration of Defendant's Motion to Strike Plaintiff's "Motion Concerning Conduct of Defendant's Deposition and Motion for Sanctions," and any response thereto, it is ORDERED that Defendant's motion is GRANTED. The Clerk of the Court is ORDERED to strike Plaintiff's "Motion Concerning Conduct of Defendant's Deposition and Motion for Sanctions" from the record.

_____
Eduardo C. Robreno, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND,

    Plaintiff,

v.

WILLIAM H. COSBY, JR.,

    Defendant.

No. 05-cv-1099

**FILED UNDER SEAL**

## DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE PLAINTIFF'S "MOTION CONCERNING CONDUCT OF DEFENDANT'S DEPOSITION AND MOTION FOR SANCTIONS"

On November 21, 2005, Plaintiff filed not one motion, but two. In addition to the motion to compel that the Court had allowed both parties to file that day, Plaintiff also filed a "Motion Concerning Conduct of Defendant's Deposition and Motion for Sanctions." Defendant has a substantive response for each of the meritless, misleading, and hypocritical accusations contained in Plaintiff's motion. For the reasons stated below, however, Plaintiff's motion should be stricken from the record, and Defendant should not be required to respond to it.

Early in this case, in its August 17, 2005 Scheduling Order, the Court provided that the parties could bring discovery disputes to the Court for resolution by way of letters "setting forth the details of the dispute." (August 17, 2005 Sch. Order at 1 n.1.) After the first round of depositions in this case, on September 27 through 29, 2005, both parties did that, presenting the Court with substantive letters concerning several disputes that arose during the depositions. Specifically, on October 5, 2005, Defendant notified the Court of several instances of improper behavior by Plaintiff's counsel during both depositions. On October 6, 2005, Plaintiff wrote the Court and complained that Defendant's counsel had improperly impeded Defendant's deposition.

Plaintiff's letter was four pages long and attached 30 pages from the transcript of Defendant's deposition. Plaintiff asked the Court for permission to file, "of record," both a motion to compel and a "Motion Concerning the Conduct of Defendant's Deposition."

Neither of Plaintiff's requests was granted. Instead, on October 17, 2005, the Court directed the parties to provide the Court in chambers with complete copies of the transcripts of both parties' depositions. Then, on November 4, 2005, the Court held a discovery conference with counsel, via telephone. The Court began the conference by commenting on the conduct of both counsel at the depositions. The Court noted that it had read every word of both deposition transcripts. The Court opined that both parties' counsel had conducted themselves appropriately in defending their respective client's depositions. What remained to be resolved, held the Court, was the extent to which additional deposition testimony was required. To that end, the Court ordered the parties to file motions to compel by November 21, 2005.

On November 21, 2005, Plaintiff filed not only a motion to compel, but also filed a "Motion Concerning the Conduct of Defendant's Deposition." Ignoring that she had already requested to file such a motion, and ignoring that the Court had already read the entirety of each party's deposition and concluded that no impropriety occurred, Plaintiff filed a *62-page* memorandum concerning counsel's conduct during Defendant's deposition. In the face of the Court's comments, Plaintiff contends that "Defense counsel was so obstructive in the deposition that he denied Plaintiff her right to an appropriate interrogation" and that Defendant's counsel "was unscrupulous in his total disregard for . . . the Federal Rules of Civil Procedure." (Pl.'s Mem. at 2, 14.) Plaintiff made her motion knowing that the Court had already rejected her characterization of counsel's conduct. Accordingly, Plaintiff's motion should be stricken.

Moreover, as the Court likely concluded when reading the depositions, the conduct of Defendant's counsel was no different than that of Plaintiff's counsel. Indeed, Plaintiff's motion is little better than hypocrisy, expressed in a vacuum, from which her own counsel's conduct is excluded. Plaintiff lambastes Defendant's counsel for "speaking objections" and "coaching the witness," but her own counsel blatantly coached her and offered "speaking objections" throughout Plaintiff's deposition. (See, e.g., Pl.'s Dep., 9/27, at 16–17; 29–30; 76–78; 84–85; 297–302; 307–308; 373–74.) Her counsel even resorted to characterizing documents on the record to counter Plaintiff's own testimony. (See id. at 260–61.) Plaintiff calls for sanctions because Defendant's counsel instructed him not to answer a question that had been "asked and answered," but Plaintiff's counsel did precisely the same thing. (See id. at 89–90.) Plaintiff cries foul because Defendant's attorney referred him to his police statement during questioning, but, again, Plaintiff's attorney did the same. (See id. at 408-09.) Plaintiff even criticizes Defendant himself for "joking" during the deposition, but she forgets to mention her attorney's outright abuse and deliberate confusion of Defendant during the same deposition. (See, e.g., Def.'s Dep., 9/28/05, at 13-14, 23-27, 50, 79-80, 121-22.)[2]

In fact, Plaintiff's motion appears simply to be a determined effort to put Defendant's deposition transcript in the public record. Not content with citations to the record already before the Court, Plaintiff reproduces, verbatim, over *50 pages* of the transcript in her motion. Yet, she knows that the Court already possesses the entire transcript and already has read the entire transcript. Not surprisingly, Plaintiff bases her request for sanctions on the most embarrassing and prejudicial elements of the deposition. Plaintiff, who has made no secret of her desire to

---

[2] These citations are but examples. Defendant does not attempt to list here all of the instances where Plaintiff's counsel conducted herself in a manner equivalent to, or worse than, the conduct she criticizes in her motion.

3

foment prejudicial pretrial publicity by publishing the fruits of discovery before trial, should not be permitted to fabricate "judicial issues" simply to avoid the default rule that deposition transcripts are not public.

For these reasons, Defendant respectfully moves the Court to strike Plaintiff's motion.

Dated: November 28, 2005

      PJO5016
Patrick J. O'Connor
George M. Gowen III
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
215.665.2000

Andrew D. Schau
PATTERSON, BELKNAP,
  WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212.336.2000

*Attorneys for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and in the manner indicated below, I caused a copy of the foregoing to be served upon the following counsel for Plaintiff:

        Via First Class Mail

        Bebe H. Kivitz
        Dolores M. Troiani
        Troiani/Kivitz, L.L.P.
        38 North Waterloo Road
        Devon, Pennsylvania 19333
        610.688.8426 (fax)


Dated: November 28, 2005                               _____PJO5016_____
                                                          Patrick J. O'Connor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA CONSTAND,               :
                               :
         Plaintiff,            :
                               :  No. 05-cv-1099
     v.                        :
                               :
WILLIAM H. COSBY, JR.,         :  **FILED UNDER SEAL**
                               :
         Defendant.            :

### DEFENDANT'S MOTION TO STRIKE
### PLAINTIFF'S "MOTION CONCERNING CONDUCT OF
### DEFENDANT'S DEPOSITION AND MOTION FOR SANCTIONS"

Defendant respectfully moves the Court to strike Plaintiff's "Motion Concerning Conduct of Defendant's Deposition and Motion for Sanctions." The grounds for Defendant's motion are set forth in the accompanying memorandum.[1]

Dated: November 29, 2005

                                                                   PJO5016
Patrick J. O'Connor
George M. Gowen III
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
215.665.2000

---

[1] Consistent with the Court's November 4, 2005 Order, and as Plaintiff's motion was filed under seal, Defendant files this motion and accompanying memorandum under seal, pursuant to the November 4, 2005 Order.

Andrew D. Schau
PATTERSON, BELKNAP,
  WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212.336.2000

*Attorneys for Defendant*