


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

| | | |
|---|---|---|
| ANDREA CONSTAND, | : | CIVIL ACTION NO. 05-1099 |
| Plaintiff | : | |
| | : | |
| v. | : | Philadelphia, Pennsylvania |
| | : | November 4, 2005 |
| WILLIAM H. COSBY, JR., | : | |
| Defendant | : | |

. . . . . . . . . . . . . :

**FILED**

DEC 02 2005

MICHAEL E. KUNZ, Clerk
By_____
Dep. Clerk

TELEPHONE CONFERENCE
BEFORE THE HONORABLE EDUARDO C. ROBRENO
UNITED STATES DISTRICT COURT JUDGE

- - -

APPEARANCES:

For the Plaintiff:      DOLORES M. TROIANI, ESQUIRE
                        Troiani/Kivitz, LLP
                        38 North Waterloo Road
                        Devon, PA  19333

For the Defendant:      PATRICK J. O'CONNOR, ESQUIRE
                        GEORGE M. GOWEN, III, ESQUIRE
                        Cozen O'Connor
                        1900 Market Street
                        Philadelphia, PA  19103

- - -

Audio Operator:      J. Matkowski

Transcribed by:      Paula L. Curran, CET

        (Proceedings recorded by For the Record Gold sound
recording; transcript provided by AAERT-certified
transcriber.)



**Laws Transcription Service**
48 W. La Crosse Avenue
Lansdowne, PA 19050
(610) 623-4178

(The following occurred via telephone conference.)

THE COURT: Good morning, this is Judge Robreno and I have you on the record. May I have the appearances of counsel beginning with plaintiff's counsel?

MS. TROIANI: Dolores Troiani for Andrea Constand. Good morning, your Honor.

THE COURT: Good morning. And for the defendants?

MR. O'CONNOR: Patrick O'Connor for the Defendant Cosby, along with George Gowen.

THE COURT: Okay, well, good morning.

MR. O'CONNOR: Jack Schmidt is also on the line, sir.

THE COURT: Yes, well, good morning, Mr. Schmidt. This is a status conference. I will not be making any rulings on the merits. But I wanted to review where we are and where we're going. Let me just say that I have read every page and every line of the materials that you sent me. So, I think I have a sense, not only for the trees, but also for the forest of this case.

And let me make just a couple of comments here. Number one, this is a difficult case for the lawyers to handle, from both sides. And I appreciate that and I have a sensitivity to that, as well. And I think that both sides have, within the difficult burdens that they are carrying, done the best that they can for their clients.

1    Now, it comes a time to cut the Gordian (ph) knot
2  and get to the bottom line here. And I think this is what I
3  would like to do. These are going to have to be determined
4  on a one-by-one basis to the extent that anyone wishes to
5  seek to compel a further answer. And what I think we should
6  do is the following. The party seeking to compel an answer
7  or a fuller answer to a question will file a motion to compel
8  and that will be done as follows. Each question and each
9  answer which is in controversy will be on a separate page.
10  There will be a question, there will be the answer and then
11  there will be a brief citation to the authorities and a one,
12  two or three line explanation why that action should be
13  compelled.

14    The party opposing the requests will then file a
15  response and that should also be done each response on a
16  separate page. So that, we will have the opportunity to have
17  the question, the answer and the response, together with the
18  explanations, all in two pages, one for each side. So, the
19  responding party should number the response by the same
20  number as the request.

21    Additionally, each side will be afforded the
22  opportunity to submit probably no longer than a five page
23  summary of the substantive arguments, if they wish to do
24  that. There may be themes or there may be particular running
25  objections that may need to be tied up and I want to give you

1   the opportunity to do that.  We will do that.  We will give
2   15 days for the motions to compel and each side will review
3   the transcript and make whatever requests each side wants to
4   make.  And then the party opposing them will then have 15
5   days to respond to it.

6           The second issue is whether or not these proceedings
7   should then be conducted under some special rules of
8   confidentiality.  Or whether they should be treated in the
9   same manner that other litigation is treated, i.e., that
10  while the discovery itself is confidential, ordinarily
11  proceedings involving the Court and enforcement of the
12  Court's orders, are conducted in open court and on the
13  record.  And there can be pretty good arguments both ways.
14  So, the way to join that issue, it seems to me, is these
15  requests should be filed under seal and the answers should be
16  filed under seal.

17          When that is completed, then there will be an
18  opportunity for any party that wishes to argue that the seal
19  should not be lifted, to so show.  And an opportunity to
20  oppose that.  That is, it seems to me that before we have an
21  argument of whether or not the seal should be lifted, we need
22  to have on the record what it is that is going to be subject
23  public review.

24          MS. TROIANI:  Your Honor, excuse me.
25          THE COURT:  Yes?

1    MS. TROIANI: Do you want the motion about the seal
2  to be public?

3    THE COURT: No, well, that's a good point. I
4  suppose it shouldn't be.

5    MS. TROIANI: Well, I thought the Court had already
6  ruled that there wasn't going to be confidentiality in this
7  case.

8    THE COURT: Well, yes, except that for discovery,
9  the parties had agreed that there would be confidentiality.
10  That's the point of this whole thing.

11    MS. TROIANI: No, we did not. We agreed, sir, that
12  they could file a motion for confidentiality.

13    THE COURT: Yes.

14    MS. TROIANI: So, we think that that's the first
15  issue here.

16    THE COURT: Well, you can't file a motion until you
17  know what it is that is going to be held confidential.

18    MS. TROIANI: Mm-hmm.

19    THE COURT: So, that's what I want to lay the
20  predicate on the record of what it is that is going to be
21  confidential. So, I am suggesting a two-step process.
22  Number one, that the requests to compel and the oppositions
23  be filed under seal. Then the second point is whether or not
24  those matters that are filed under seal -- whether or not the
25  seal should be lifted. And then at the conclusion of that,

1   we'll have an answer to that question.

2           The difficulty here is the following.   That the
3   courts have recognized that confidentiality can be attached
4   to discovery because, among other reasons, the Court is not
5   directly involved.   The parties privately can make those
6   arrangements.   If the motion to compel becomes a vehicle to
7   disclose the discovery, then the entire point of any
8   agreement that the parties have or any desire that the courts
9   have endorsed in the past for discovery, as opposed to court
10  proceedings, to remain confidential, it would be pointless.

11          Now, it may just be that that's the way it is.   I
12  mean, I don't know the answer to that.   But certainly, that's
13  what the question is going to be, whether or not the access
14  to the court which has been endorsed by the Supreme Court and
15  which in this case, I had initially ruled on, how that is
16  balanced within the context of discovery.   And I like to walk
17  before I run on that issue.   So, that's why I'm suggesting
18  that we do that.   I mean, we could all, in the abstract, make
19  arguments one way or the other, but we won't know how they
20  apply to this case until I know specifically what it is that
21  you are seeking to compel.

22          Maybe you'll go back, you'll re-read the transcript
23  and you'll pick out, you know, a couple of questions, maybe
24  you pick out 100 questions.   I don't know what you will do.
25  So, let's do it one at a time.

1  　　　　MS. TROIANI:  And how do we file our motion to lift
2  the seal?

3  　　　　THE COURT:  This is how that's going to be done.
4  And I'll have an order, by the way, on this.  I just wanted
5  to talk to you because I think it's helpful to hear your
6  comments and then to also be able to address your concerns.

7  　　　　Parties seeking to compel the answers in the manner
8  in which I have described, will have 15 days to do that.
9  Party opposing will then have 15 days to respond.  So, we
10 have a 30-day cycle there and that should be filed under
11 seal.

12 　　　　Now, once you have that in hand, there will be 15
13 days to file a motion in response to why the seal should not
14 be lifted.  And whoever wishes to oppose the lifting of the
15 seal, should do that.  Maybe nobody will oppose it, maybe
16 they will.  The party who doesn't want the seal lifted should
17 then file a motion within 15 days.  And the party who wishes
18 the seal lifted, they will oppose that and that will be a
19 30-day cycle.  At that point -- and that should also be filed
20 under seal.

21 　　　　At that point, I will have both the record and the
22 motions and I may decide and then we'll have argument on the
23 record or whether I will decide the issue right there and
24 we'll see what happens.  Okay.  Any comments here?  Ms.
25 Troiani, you seem to be disturbed by this proceeding.

1    MS. TROIANI: Yes, I am, your Honor, I'm extremely
2  disturbed by this.
3          THE COURT: Okay.
4          MS. TROIANI: Mr. Cosby chose to defame our client
5  in the media.
6          THE COURT: Right.
7          MS. TROIANI: I mean, you've read that part of the
8  deposition and although we didn't get many answers, but he
9
10
11  show that our client was telling the truth.
12          THE COURT: Mm-hmm.
13          MS. TROIANI: I'm very concerned about this
14  procedure. This is totally different than any other case
15  that is handled. Our courts are not secret. Our courts are
16  open to the public and they're open to the public for a
17  reason. And that is to preserve the integrity of this
18  process. And Mr. Cosby should not be granted star status in
19  the system. And I am extremely concerned about that. We, as
20  lawyers, must come to court knowing that no matter who our
21  client is, they're going to be treated like any other client.
22  And your Honor and I'm certainly saying this with all due
23  respect to the Court, there is absolutely no reason when a
24  man chooses to go public and put his defense in the
25  newspaper, why when we have decimated that defense and he has

now we have to conduct this litigation under seal.

I am also concerned that Associated Press came to you, tried to join in the motion for confidentiality and now they have no way of knowing what's going on here. They have no way of now presenting their case. You already ruled that this is not confidential. Frankly, your Honor, our client has three ways of vindicating herself. Settlement, trial or by having the public be made aware through these motions, what is going on in this court system.

THE COURT: Okay, well, then you'll make your argument. I mean, that's the essence of the argument. Nobody -- I'm not ruling on that argument. If that's the argument that wins the day, that's what's going to happen.

MR. O'CONNOR: I think Ms. Troiani has revealed her true intentions in trying this case, seeking justice three ways. Through settlement, through a trial and then through the newspapers. And I find that to be an outrageous statement.

THE COURT: Okay.

MR. O'CONNOR: Your Honor has ruled that she will have an opportunity to attempt to unseal discovery. But I've been practicing law for a long time and I've never had discovery in any case that I've been involved with, bandied

1   about in the press. Discovery is between the parties. It's
2   not what occurs in open court. What Ms. Troiani has been
3   attempting to do throughout this case is create issues which
4   would enable her to file motions which would circumvent the
5   confidentiality this Court has imposed on discovery.

6          THE COURT: Okay, I haven't imposed anything and the
7   point is that we're going to do this one step at a time. The
8   presumption of access is there. That's why the show cause
9   would be upon the party, why the seal should not be lifted.
10  So, the presumption is not a presumption that it will be
11  confidential, but there may be reasons why, in whole or in
12  part, some aspects may be confidential including, I recall if
13  my memory is correct, that the plaintiff wanted the names of
14  the Jane Does to remain confidential at one time. There was
15  some information concerning third parties that may -- the
16  Court may have to take into account, maybe not.

17         So, I think that both of you are getting agitated
18  prematurely. This is a court proceeding that needs to be
19  conducted in an orderly fashion so that there will be an
20  appropriate record for review. And as I indicated to you,
21  there are a lot of sensitive issues involved. The parties
22  involved, third parties, the interest of the public. All of
23  those have to be carefully assessed and we could just simply
24  do it one way or the other and I don't think that would be
25  appropriate. I think the Court's first ruling indicated a

1  desire to have the eye of the public on this and any other

2  proceedings, as the Supreme Court has directed us to do.

3  In fact, as you may know, just two or three weeks

4  after the decision that I made, the Third Circuit made a

5  decision in a case out of the Middle District where the judge

6  had sealed the -- I think it's some of the discovery in the

7  case. And it indicated that that should be pretty much on

8  the same basis that this Court had found was not appropriate.

9  So, we don't know where we're going to end up, but I

10 think that given all of the interests which are involved in

11 this case, it would be unfortunate to get too agitated too

12 early. And some of this can be saved for closing statements

13 at the conclusion of the case. So, this is -- we're going to

14 do this and I think then that in about 60 to 90 days, we'll

15 know, at least at this level, what the answer to these issues

16 and then we'll have to take it from there.

17 I'll have an order issued today outlining these

18 proceedings. You know, I think it is a fair and balanced way

19 and in no way is intended to rule on what is going to happen

20 to anything in this matter.

21 MS. TROIANI: Your Honor, we also have the issue

22 about whether or not Hall and Applied Telematics apply.

23 THE COURT: Yes.

24 MS. TROIANI: Would that --

25 THE COURT: That should be brought up. That should

1   be brought up.  I think that that's why I gave you the
2   opportunity to summarize that.  I think that there are two
3   over-arching issues here.  I think that may be one.  And I
4   think there is also the -- that there is some discrepancy as
5   to the scope of the attorney/client privilege.  And I think
6   that also should be fleshed out.  Those are, you know,
7   difficult issues.  And I think they should be fleshed out.
8   And I said five pages, frankly, you know if you need more --
9   I mean, you know, we shouldn't arbitrarily limit, you know,
10  the wisdom that this Court can get.  But I think brevity
11  would be helpful, but if you need more than that, that is
12  fine.  And I think there is various views on that particular
13  issue.

14          I do hope that we relate that to the specifics of
15  the case, as opposed to some general discussion of the
16  soundness of that approach.  But I think that that's
17  something that needs to be addressed here.  And I didn't want
18  to address this, frankly, without an appropriate foundation.
19  And I think that's what this procedure intends to do.  Not to
20  foreclose anyone from doing anything at the right time. But
21  if it is going to be done, it should be done after, you know,
22  some due deliberation here.

23          And I appreciate again, I think it's difficult for
24  the lawyers here and I think we're fortunate to have, you
25  know, the two of you who are experienced and have gone

1   through these wars. And that will serve the interests of
2   your clients and the interest of justice, hopefully. So, I
3   think a little patience may serve us all.

4           It may sound like a long time, I know, to litigants
5   when you're talking about 90 days. But, as you know,
6   litigation moves at a, you know, it has its own pace. and I
7   think under the circumstances of this case this is being done
8   with dispatch, as much as it is feasible under the
9   circumstances. So, I'll issue this order today.

10          Now, let me ask you this, until we resolve these
11  issues, can anything else be done or anything needs to be put
12  on hold until you flesh this out?

13          MS. TROIANI: Your Honor, we believe that we need to
14  flesh this out first, because -- and we had also requested in
15  our letter that you extend the time to add additional --

16          THE COURT: Okay, yes, well, we'll address those. I
17  mean, it seems to me that that will follow from whatever the
18  ruling is here, that we'll have to adjust that. But I didn't
19  know whether you were proposing to take any other depositions
20  or whether you now wanted to get this in place before you
21  proceed. Your preference is just to wait and see what
22  happens here.

23          MS. TROIANI: Yes, your Honor, we have some
24  subpoenas.

25          THE COURT: Okay.

1    MS. TROIANI: And we would expect that we can, you
2  know, for records and things like that, I'm sure we can --
3    THE COURT: Well, record discovery I don't see any
4  reason why that can't proceed. But maybe discovery should be
5  held in abeyance. Mr. O'Connor, what do you think?
6    MR. O'CONNOR: Well, I think -- I have no trouble
7  with that, your Honor.
8    THE COURT: Okay.
9    MR. O'CONNOR: Until you clarify the playing field
10  here, I think that's a wise decision.
11    THE COURT: Okay, fine. Okay, anything else then?
12  Okay, we'll get this order out today and hopefully, we can
13  resolve this entire matter in a 90-day cycle. Thank you.
14    MS. TROIANI: Thank you, your Honor.
15    (Proceeding adjourned 9:25 o'clock a.m.)
16                          * * *

## CERTIFICATION

I hereby certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_Geraldine C. Laws_    12/2/05

Geraldine C. Laws, CET                    Date
Laws Transcription Service