

# TROIANI/KIVITZ, L.L.P.
─── ATTORNEYS AT LAW ───

DOLORES M. TROIANI, ESQUIRE
BEBE H. KIVITZ, ESQUIRE

38 NORTH WATERLOO ROAD
DEVON, PA 19333

(610) 688-8400
FAX (610) 688-8426

December 8, 2005

**(Hand-Delivered)**
Office of the Clerk of Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

**RE:** <u>Andrea Constand vs. William H. Cosby, Civil Action No. 05-CV-1099</u>
**Plaintiff's Response To Defendant's Motion To Strike Plaintiff's Motion Concerning Conduct Of Defendant's Deposition And Motion for Sanctions And Memorandum of Law**

Dear Sir/Dear Madam:

Enclosed for filing in the above-captioned matter, please find an original and a disk.

Thank you for your anticipated cooperation.

Respectfully submitted,

Dolores M. Troiani

DMT:m
Enclosure
cc: Patrick J. O'Connor, Esquire (via hand-delivery)
     Andrew D. Schau, Esquire (first class mail)
     Andrea Constand (first class mail)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND,<br>Plaintiff | : CIVIL ACTION<br>: |
| v. | : NO. 05-CV-1099<br>: |
| WILLIAM H. COSBY, JR.,<br>Defendant | : UNDER SEAL<br>: |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S MOTION CONCERNING CONDUCT OF DEFENDANT'S
DEPOSITION AND MOTION FOR SANCTIONS

Plaintiff makes this her response to defendant's Motion to Strike and prays this Honorable Court deny the Motion and impose Rule 11 sanctions against Defendant and in support thereof, Plaintiff incorporates by reference the memorandum of law attached hereto as if fully set forth herein.

Respectfully submitted,

TROIANI/KIVITZ, LLP
BY: DOLORES M. TROIANI
   Attorney I.D. 21283
   BEBE H. KIVITZ
   Attorney I.D. 30253

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
|     Plaintiff | : CIVIL ACTION |
| | : |
| v. | : NO. 05-CV-1099 |
| | : |
| WILLIAM H. COSBY, JR., | : UNDER SEAL |
|     Defendant | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION CONCERNING CONDUCT OF DEFENDANT'S DEPOSITION AND MOTION FOR SANCTIONS**

On November 21, 2005, Plaintiff filed a Motion Concerning Conduct of Defendant's Deposition and Motion for Sanctions, (hereafter "Hall Motion"). In that Motion, Plaintiff requests " that this Honorable Court order Defendant to adhere to the guidelines set forth in *Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993)*, and further to order Defendant to submit to a full and complete deposition at his expense, and to sanction Defendant and/or his counsel by requiring them to reimburse Plaintiff for the costs of the Defendant's deposition, and to impose other sanctions, as the Court deems appropriate."

In reply, on November 28, 2005, Defendant filed a motion to strike, fraught with Rule 11 violations. Federal Rule of Civil Procedure 11, provides, in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose

1

upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

*Fed. R. Civ. P. 11.*

Defendant in his Motion to Strike misrepresented the telephonic conference which this Honorable Court conducted with counsel on November 4, 2005, as well as, the rulings of the Court. Those misrepresentations include, *inter alia,* that:

1) Defendant asserted that Plaintiff asked the Court for permission to file "of record," both a motion to compel and a "Motion Concerning the Conduct of Defendant's Deposition." "Neither of Plaintiff's requests was granted." (Def. Memo, 2)

2) Defendant claimed that by filing the Hall Motion, Plaintiff was "Ignoring that she had already requested to file such a motion, and ignoring the Court has already read the entirety of each party's deposition and concluded that no impropriety occurred, Plaintiff filed a 62-page memorandum concerning counsel's conduct during Defendant's deposition." (Def. Memo, 2)

3) "Plaintiff made her motion knowing that the Court had already rejected her characterization of counsel's conduct." (Def. Memo, 2)

In fact, this Honorable Court began the November 4, 2005, telephone conference by stating, "This is a status conference. I will not be making any rulings on the merits." (Tr. 11/4/05, 2) Defendant argues that Plaintiff needed to obtain permission before filing the Hall Motion and that that permission was denied by this Honorable Court. Presumably, there may be extraordinary circumstances when the courts are closed to a litigant, but, this Court has never placed such a restriction upon Plaintiff and in fact, the following discussion occurred concerning the Hall Motion:

2

Ms. Troiani:

Your Honor, we also have the issue about whether or not Hall and Applied Telematics apply.

The Court:

Yes

Ms. Troiani:

Would that—

The Court:

**That should be brought up. That should be brought up.** I think that's why I gave you the opportunity to summarize that. I think that there are two over-arching issues here. I think that may be one.. And I think there is also the -- that there is some discrepancy as to the scope of the attorney/client privilege. And I think that also should be fleshed out. Those are, you know, difficult issues. And I think they should be fleshed out. And I said five pages, frankly, you know if you need more -- I mean, you know, we shouldn't arbitrarily limit, you know, the wisdom that this Court can get. But I think brevity would be helpful, but if you need more than that, that is fine. And I think there is various views on that particular issue.

**I do hope that we relate that to the specifics of the case, as opposed to some general discussion of the** soundness of that approach. But I think that that's something that needs to be addressed here. **And I didn't want to address this, frankly, without an appropriate foundation**. And I think that's what this procedure intends to do. Not to **foreclose anyone from doing anything at the right time**. But if it is going to be done, it should be done after, you know, some due deliberation here.

(Tr.11/4/05, 12)

Defendant's assertion that this Honorable Court foreclosed Plaintiff from filing the Hall Motion is sanctionable under Federal Rule of Civil Procedure 11. Messrs. O'Connor, Gowen and Schmidt all participated in the phone conference. It is inconceivable that not one of them heard the Court make the two statements referenced above; nor ordered the transcript before

3

making such allegations in the Motion to Strike. Rule 11 requires a reasonable investigation of the facts before a pleading is filed. *Terminix Int'l Co., L.P. v. Kay* 150 F.R.D. 532 (E.D. Pa. 1993) The simple act of ordering the transcript would have prevented Defendant from misquoting the Court and misrepresenting that the Court had prohibited Plaintiff from filing the Hall Motion.

 4) Defendant asserted that in the November 4, 2004 telephone conference, "The Court noted that it had read every word of both deposition transcripts. The Court opined that both parties' counsel had conducted themselves appropriately in defending their respective client's depositions." (Def. Memo, 2)

 In fact the Court said:

" Let me just say that I have read every page and every line of the materials that you sent me. So, I think I have a sense, not only for the trees, but also for the forest of this case. And let me make just a couple of comments here. Number one, this is a difficult case for the lawyers to handle, from both sides. And I appreciate that and I have a sensitivity to that, as well. And I think that both sides have, within the difficult burdens that they are carrying, done the best that they can for their clients." (Tr. 11/4/05, 2-3)   Some of the conduct which Defendant asserts this Honorable Court has condoned include the following statements of Defense Counsel: "You're never going to learn unless you listen." ( Def. Dep. 9/29/05, 16); " I don't know the last time you've been in court." (Def. Dep. 9/29/05, 104); " That is so outrageous and inappropriate. I'm going to take a break. I may call the judge on this. I'm not going to put up with this **crap**, okay? I am tired of you insulting this witness and his voracity (sic). And if you continue with it, I'm

4

shutting it down."(Def. Dep. 9/29/05, 116); " You didn't like his first answer, now you're trying to get another."( Def. Dep. 9/29/05, 145)

Defense Counsel's assertion that such behavior is not only appropriate but ratified by the Court emphasizes the need for judicial intervention. It is respectfully submitted that if counsel is not disabused of his belief that he acted appropriately, this type of conduct will not only continue but increase in frequency and ferocity. Lawyers do not need to be insulting or use inappropriate language to assert a position and protect their clients. As the Court stated: "This is a court proceeding that needs to be conducted in an orderly fashion so that there will be an appropriate record for review." (Tr. 11/4/05, 10) It is respectfully submitted that the only means of achieving the conduct of this case in an orderly fashion is by granting Plaintiff's Motion.

5) Next, Defendant wrote: "Not content with citations to the record already before the Court, Plaintiff reproduces, **verbatim**, over 50 pages of the transcript in her motion." (Def. Memo, 3) (emphasis added)

In *Tarkett, Inc.v. Congoleum Corp.*, 144 F.R.D. 282 (E.D.Pa. 1992), this Honorable Court sanctioned counsel for failing to comply with Eastern District Rule 24 (b). Rule 24(b) is now Rule 26.1(b) which reads:

Every motion pursuant to the Federal Rules of Civil Procedure governing discovery shall identify and **set forth, verbatim,** the relevant parts of the interrogatory, request, answer, response, objection, notice, subpoena, or depositions.

5

Part (c) reads:

If material in interrogatories, requests, answers, responses, or depositions is used as evidence in connection with any motion, the relevant parts shall be set forth, **verbatim,** in the moving papers or in responding memorandum. (emphasis added)

*Local Rule 26.1*

As this Honorable Court wrote in *Tarkett, supra*, "The Rule requires the movant to identify for the court the precise request which is in dispute between the parties. Compliance serves the interest of judicial economy in that it focuses the court's attention on the specific request at issue without the need for the court to cull from the discovery papers the knob of the dispute." 144 at 285. Defense counsel having engaged in questionable conduct throughout the deposition, now complains that Plaintiff's Motion seeking redress for that conduct is too long. The length of the memoranda was determined by the frequency of the complained of conduct.

Defendant seeks to strike Plaintiff's Hall Motion because she complied with the Rules of Civil Procedure and the rulings of this Honorable Court. Counsel's failure to be familiar with and abide by court rules is sanctionable. *Gateriewictz v. Gebhardt*, 1994 U.S. Dist. LEXIS 3637 (E.D. Pa. 1994). In fact, once again, Defendant's defense is a false accusation of misconduct on the part of Plaintiff. At page 4 of the memorandum of law, Defendant wrote: "Plaintiff, who has made no secret of her desire to foment prejudicial pretrial publicity by publishing the fruits of discovery before trial, should not be permitted to fabricate "judicial issues" simply to avoid the default rule that deposition transcripts are not public." Although the by-product of compliance with Local Rule 26.1 may be public access to those statements which Defendant seeks to secrete from public scrutiny, as the Court stated:

6

" The difficulty here is the following. That the courts have recognizes that confidentiality can be attached to discovery because, among other reasons, the Court is not directly involved. The parties privately can make those arrangements. If the motion to compel becomes a vehicle to disclose the discovery, then the entire point of any agreement that the parties have or any desire that the courts have endorsed in the past for discovery, as opposed to court proceedings, to remain confidential, it would be pointless. **Now, it may just be that's the way it is.** " (Tr. 11/4/05, 3)

In fact, this case will be subjected to public scrutiny whether at the discovery stage or at trial. As previously indicated, the courts are open to the public to preserve the integrity of the process. Defendant should not be afforded "star status." He needs to be treated like any other litigant. It is that very public scrutiny that acts as deterrent to the behavior complained of in the Hall Motion.

It is respectfully submitted that Defendant has filed with the Court a Motion to Strike which misstates this Honorable Court's own words and rulings. Attorneys have been sanctioned for less egregious conduct. *Spencer v. Steinman*, 1999 U.S. Dist. LEXIS 23387 (attorney issued third party subpoenas without notice); *Loftus v. SEPTA,* 8 F. Supp. 2d 458 (E.D. Pa. 1998) (attorney pursued frivolous law suit after similar one filed by same attorney had been dismissed) *Dover Steel Co. v. Hartford Accident & Indem. Co.* 151 F.R.D. 570 (E.D.Pa. 1993) (sanctions mandatory upon finding of Rule 11 violation) ; *Mid-Atlantic Constructors, Inc. v. Stone & Webster*, 2005 U.S. Dist. LEXIS 26625 (E.D. Pa., 2005) (service of subpoena past discovery deadline); *Terminix Int'l Co., L.P. v. Kay* (150 F.R.D. 532 (E.D.Pa. 1993) (Rule 11 violation); *PA Envt'l Defense Found. v. U.S. Dep't of the Navy,* 1995 U.S. Dist. LEXIS 1461, (E.D. Pa.

7

1995) (violation of Pa. Rule of Prof. Cond. 3.3.(d) duty of candor); *Christaldi v. SEPTA,* 1997 U.S. Dist. LEXIS 8886 (E.D. Pa. 1997)( in house attorney failed to appear for mediation and file timely response to show cause order); *Getek v. Ohio Casualty Ins. Co.*, 1994 U.S. Dist. LEXIS 507 (E.D. Pa. 1994) (failing to obey order concerning completion and submission of Initial Pretrial Conference Information Report), *Delaware County Intermediate Unit #25 v. Martin & Melinda K.* 1993 U.S. Dist. LEXIS 745 (E.D. Pa. 1993) (failure to comply with discovery order).

The filing of a Motion to Strike does not act as a stay. Defendant's response to the Hall Motion was due on December 6, 2005. If Defendant has not responded to the Hall Motion, Plaintiff requests that the Court grant the Hall Motion and further impose Rule 11 sanctions upon Defendant for the filing of the Motion to Strike.[1] Local Rule 7.1(c) authorizes the court to grant as uncontested any motion to which a timely response has not been filed. *Kimball v. Countrywide Merchant Servs.* 2005 U.S. Dist. LEXIS 1817 (E.D.Pa. 2005).

WHEREFORE, Plaintiff respectfully prays this Honorable Court to grant the Motion for Sanction and for the imposition of the *Hall* guidelines to depositions and further to sanction Defendant for Rule 11 violations with regard to the Motion to Strike.

Respectfully submitted,

_____
TROIANI/KIVITZ, LLP
BY: DOLORES M. TROIANI
Attorney I.D. 21283
BEBE H. KIVITZ
Attorney I.D. 30253

---

[1] Although Defendant hand delivers pleadings to the Court, he does not serve counsel in the same manner. Plaintiff has not received Defendant's responses as of the time of filing of this reply and is unaware if he responded to the Hall Motion.

8

## CERTIFICATE OF SERVICE

I hereby certify that on, December 8, 2005, the undersigned were served in the following manner, a true and correct copy of : **Plaintiff's Response To Defendant's Motion To Strike Plaintiff's Motion Concerning Conduct Of Defendant's Deposition And Motion for Sanctions and Memorandum of Law.**

| NAME | MANNER |
|---|---|
| The Honorable Eduardo C. Robreno<br>Eastern District of Pennsylvania<br>U.S. Courthouse<br>601 Market Street, Room 2609<br>Philadelphia, PA  19106 | Hand-Delivered |
| Office of the Clerk of Court<br>Eastern District of Pennsylvania<br>U.S. Courthouse<br>601 Market Street, Room 2609<br>Philadelphia, PA 19106 | Hand-Delivered |
| Patrick J. O'Connor, Esquire<br>Cozen O'Connor<br>1900 Market Street<br>Philadelphia, PA 19103 | Hand-Delivered |
| Andrew D. Schau, Esquire<br>Patterson Belknap Webb & Tyler, LLP<br>1133 Avenue of the Americas<br>New York, NY  10036 | United States First Class Mail |

TROIANI/KIVITZ, L.L.P.

By: _____
Dolores M. Troiani
Attorney I.D. No. 21283
Attorney for Plaintiff

Date: 12/8/05