# EXHIBIT I

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM H. COSBY, JR.,<br><br>Defendant. | No. 05-cv-1099 |

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
(INTERNATIONAL LETTER OF REQUEST)

The United States District Court for the Eastern District of Pennsylvania presents its compliments to the appropriate judicial authority of Canada and requests international judicial assistance to obtain documents to be used in a civil proceeding before this Court in the above captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate courts in Ontario, Canada compel the following entity to produce documents: Bell Canada, 483 Bay Street, 5th Floor, N. Tower, Toronto, Ontario.

**PARTIES**

The parties and their representatives in this matter are:

| Plaintiff, Andrea Constand represented by: | Defendant William H. Cosby, represented by: | |
|---|---|---|
| Bebe H. Kivitz, Esq.<br>Dolores M. Troiani, Esq.<br>TROIANI/KIVITZ LLP<br>38 Waterloo Road<br>Devon, PA 19333 | Patrick J. O'Connor, Esq.<br>George M. Gowen III, Esq.<br>COZEN O'CONNOR<br>1900 Market Street<br>Philadelphia, PA 19103 | Andrew D. Schau, Esq.<br>PATTERSON BELKNAP<br>WEBB & TYLER LLP<br>1133 Avenue of the Americas<br>New York, NY 10036 |

## **FACTS**

Plaintiff, Andrea Constand, brought this civil action against defendant, William H. Cosby, Jr., asserting claims of battery, sexual assault, intentional and negligent infliction of emotional distress, defamation/defamation per se and false light/invasion of privacy. Plaintiff, allegedly a Canadian citizen, alleges that she met defendant while she was employed at Temple University in Philadelphia, Pennsylvania.

The crux of plaintiff's complaint is that, while alone with defendant at defendant's Pennsylvania home in January 2004, defendant deceived plaintiff into ingesting a drug which caused her to become semi-conscious. According to plaintiff, defendant thereafter sexually assaulted her. Defendant denies plaintiff's allegations. In March 2004, plaintiff moved from Philadelphia to Ontario, Canada.

In January 2005, plaintiff reported defendant's alleged actions to the Durham, Ontario police. Plaintiff alleges that, after she spoke to police, she and her mother had telephone conversations with defendant. She further contends that after she reported defendant's alleged actions to the Durham, Ontario police, defendant and/or his authorized representatives knowingly made false statements to the media about plaintiff. The Durham Ontario police subsequently referred plaintiff's case to police in Pennsylvania. The District Attorney of Montgomery County, Pennsylvania decided not to file criminal proceedings against defendant.

In March 2005, plaintiff filed this civil action. Plaintiff alleges that defendant's conduct has caused her, among other things, "mental anguish," "post-traumatic stress disorder," "the loss of enjoyment of life's pleasures," "a set back in her education," and a "loss of earnings and earning capacity." Plaintiff seeks an award of compensatory damages plus reasonable attorneys' fees, interest, costs, punitive damages and other unspecified relief.

The parties currently are conducting discovery. To test plaintiff's allegations and prepare his defense, defendant seeks documents and testimony from several individuals and entities located in Ontario, Canada. Unable to procure these documents and testimony through domestic channels or agreement, defendant has applied to this Court for assistance. Defendant sought an international letter of request to the appropriate court in Ontario, Canada in order to obtain the documents he seeks. This court granted defendant's request and issued this letter.

Between the alleged attack and her decision to reveal it, plaintiff lived with her parents, Gianna and Andrew Constand, in Ontario. Defendant is entitled the records of her telephone conversations during that period, because those records will bear upon the extent of her relationship with defendant after the alleged attack. The records will also bear upon her ability to enjoy life's pleasures and her other allegations of injury. The records may also shed further light on plaintiff's decision to come forward with her accusations. Bell Canada possesses those records.

**PRAYER FOR RELIEF**

This Court hereby prays that the appropriate court in Ontario compel Bell Canada to produce any and all records of telephone calls to or from phone number (905) 509-3303, between and including March 2004 and March 2005. Such records are relevant and necessary as a matter of pre-trial discovery for purposes of this litigation. Bell Canada is outside the subpoena power of this or any United States court and the documents sought are not otherwise obtainable by the defendant.

3

## AUTHORITY

This Court has the inherent authority to issue an international letter of request. This inherent authority is recognized in the United States Federal Rule of Civil Procedure 28(b), and Title 28, Section 1781 of the United States Code.

## REIMBURSEMENT OF COSTS

This Court respectfully submits that any fees and costs endured by the appropriate court in Ontario in executing this Court's request for international judicial assistance are reimbursable. Requests for reimbursement should be sent to:

>William H. Cosby c/o Patrick J. O'Connor
>Cozen O'Connor
>1900 Market Street
>Philadelphia, PA 19103
>212.665.2000

## SIGNATURE AND SEAL

Dated: _____

                                                     Eduardo C. Robreno, J.
                                                     United States District Court
                                                     for the Eastern District of Pennsylvania
                                                     601 Market Street
                                                     Philadelphia, PA  19106