IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
| | : |
| Plaintiff, | : |
| | : No. 05-cv-1099 |
| v. | : |
| | : |
| WILLIAM H. COSBY, JR., | : |
| | : |
| Defendant. | : |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL SPECIFIC RESPONSES AND TO STRIKE
<u>OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES</u>**

Plaintiff's Motion to Compel Specific Responses and to Strike Objections to Plaintiff's Second Set of Interrogatories ("Plaintiff's Motion to Compel") serves only to reveal her disregard of this Court's rules and her refusal to cooperate in discovery. Defendant served Plaintiff with his Responses and Objections to Plaintiff's Second Set of Interrogatories on May 19, 2006. He objected to Interrogatory 12, concerning telephone numbers, and indicated that he wished to confer with Plaintiff's counsel further about the subject. In the May 19, 2006 cover letter to Plaintiff's counsel, Defendant's counsel asked, "Please let me know when you would be available for a telephone call about the subject of telephone records." (<u>See</u> Ex. A.) Plaintiff's counsel never responded to this request.

Rather, on May 22—the very next business day—Plaintiff filed her Motion to Compel. In other words, Plaintiff not only ignored Defendant's specific request to discuss Interrogatory 12, but she also disregarded Local Rule of Civil Procedure 26.1(f), which requires "a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Loc. R. Civ. P. 26.1(f). Of course, Plaintiff's Motion to Compel contains no such certification.

After Plaintiff filed her motion, Defendant's counsel again asked for a conference about Plaintiff's interrogatories. Plaintiff's counsel did not return those calls, either. She responded for the first time early today, stating in a voicemail that she would not be available to discuss the matter until this evening—i.e., after this opposition brief is due. (See Ex. B.)

If Plaintiff had responded to Defendant's request for a conference, followed the local rules, or even timely returned telephone calls, the dispute over Interrogatory 12 likely would now be resolved. As her Motion to Compel now reveals, Plaintiff propounded Interrogatory 12 so that she could establish the telephone calls that occurred between Plaintiff and Defendant. As Defendant's counsel would have explained in the required "meet and confer," Plaintiff already possesses her own mobile telephone records—which Defendant obtained via subpoena and provided to her—that show telephone activity between Plaintiff and her mother and Defendant, including the numbers used for those calls. In addition, Defendant is willing to produce his own records of telephone calls with Plaintiff and her mother. In other words, Defendant is offering to produce the records that establish what Plaintiff seeks to establish. Defendant asks, in exchange, that Plaintiff produce the Canadian telephone records that are now the subject of Defendant's Motion for Issuance of Letters of International Request.

For these reasons, Defendant requests the Court to deny Plaintiff's Motion to Compel.


Dated: June 7, 2006											s/ *Patrick O'Connor*
Patrick J. O'Connor
George M. Gowen III
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
215.665.2000

Andrew D. Schau
PATTERSON BELKNAP
   WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212.336.2000

*Attorneys for Defendant*