## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 06-483 |
| | : | |
| MARTIN D. SINGER, ESQUIRE, | : | (consolidated for pretrial purposes only with |
| and | : | Civil Action No. 05-1099) |
| THE NATIONAL ENQUIRER, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ANDREA CONSTAND, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 05-1099 |
| | : | |
| WILLIAM H. COSBY, JR., | : | |
| | : | |
| Defendant. | : | |

## ANSWER OF DEFENDANT MARTIN D. SINGER

Defendant Martin D. Singer ("Mr. Singer") answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

#### A. Jurisdiction and Venue

1.      Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Admitted.

3.      Paragraph 3 is directed solely at the other defendant in this matter, The National Enquirer, and thus, no response is required.  To the extent a response is required, Mr. Singer admits, on information and belief, that The National Enquirer has an office located in Florida and

he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint.

4.      The allegations in paragraph 4 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Mr. Singer admits that plaintiff purports to bring this action pursuant to 28 U.S.C. §§ 1332 and 1332(a)(2).  Mr. Singer denies that the Court has personal jurisdiction over him.

5.      The allegations in paragraph 5 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Mr. Singer denies that venue is proper in this district.

### B.  The Parties

6.      Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Admitted.

8.      Paragraph 8 is directed solely at the other defendant in this matter, The National Enquirer, and thus, no response is required.  To the extent a response is required, Mr. Singer admits, on information and belief, that The National Enquirer has an office located in Florida and he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint.

### C.  Factual Background

9.      Paragraph 9 of the Complaint contains no factual allegations.  Therefore, no response is required.

10.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     To the extent that the allegations of this paragraph are directed to Mr. Singer, the allegations are denied, except Mr. Singer admits that he spoke to a representative of Celebrity Justice. Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint not directed to Mr. Singer.

18.     Mr. Singer incorporates his response to paragraph 17. Further, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations that statements allegedly made by Mr. Singer were broadcast nationwide and repeated in multiple news outlets.

19.     Mr. Singer denies that plaintiff's name and address and/or picture were published in the Celebrity Justice internet postings attached as Exhibit "A" to the Complaint, and he is

3

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint.

20.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Communications between Mr. Singer and Mr. Cosby are subject to the attorney-client privilege. Without waiving the privilege, Mr. Singer denies the allegations of paragraph 21.

22.     Mr. Singer admits, on information and belief, that Mr. Cosby met with representatives of The National Enquirer in Houston, Texas on February 21, 2005. Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint.

23.     To the extent the allegations of this paragraph are directed to Mr. Singer, Mr. Singer admits that he had communications with The National Enquirer to arrange an interview with Mr. Cosby.  The agreement between Mr. Cosby and The National Enquirer is in writing and speaks for itself.  Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 not directed to Mr. Singer.

24.     To the extent the allegations of this paragraph are directed to Mr. Singer, the allegations are denied.  Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 not directed to Mr. Singer.

25.     Paragraph 25 is directed solely at the other defendant in this matter, The National Enquirer, and therefore, no response is required.  To the extent a response is required, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Paragraph 26 is directed solely at the other defendant in this matter, The National Enquirer, and therefore, no response is required.  To the extent a response is required, Mr. Singer admits, on information and belief, that Mr. Cosby met with representatives of The National Enquirer in Houston, Texas on February 21, 2005, that The National Enquirer article is in writing and speaks for itself, and he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint.

27.     Paragraph 27 is directed solely at the other defendant in this matter, The National Enquirer, and therefore, no response is required.  To the extent a response is required, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28.     To the extent that the allegations of this paragraph are directed to Mr. Singer, the allegations are denied.  Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 not directed to Mr. Singer.

29.     Paragraph 29 is directed solely at the other defendant in this matter, The National Enquirer and therefore, no response is required.  To the extent a response is required, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30.     Denied.

## COUNT I
### Andrea Constand v. Martin Singer
### Defamation/Defamation Per Se

31.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Denied.

5

33.     Denied as stated.  Mr. Singer admits that he participated in negotiations for Mr. Cosby to give an interview to The National Enquirer on or about February 21, 2005 and he denies the remaining allegations of paragraph 33 of the Complaint.

34.     Paragraph 34 is directed solely at the other defendant in this matter, The National Enquirer and therefore, no response is required.  To the extent a response is required, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35.     Denied.

36.     To the extent that the allegations in paragraph 36 are directed to Mr. Singer, the allegations are denied.  To the extent that the allegations in paragraph 36 are directed to The National Enquirer, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

37.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Denied.

39.     Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.     To the extent paragraph 40 refers to any statements allegedly made by Mr. Singer, the allegations are denied.  Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 not directed at Mr. Singer.

WHEREFORE, Mr. Singer respectfully requests the entry of judgment in his favor and against Plaintiff and an award of his costs, his attorneys' fees as allowed by law, and such other relief as the Court deems appropriate.

## COUNT II
### Andrea Constand v. The National Enquirer
### Defamation/Defamation Per Se

41.     Count II of the Complaint is directed solely at the other defendant in this matter,

The National Enquirer, and therefore, no response is required.  To the extent a response is

required, Mr. Singer is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

42.     Count II of the Complaint is directed solely at the other defendant in this matter,

The National Enquirer, and therefore, no response is required.  To the extent a response is

required, Mr. Singer incorporates his response to paragraph 33.

43.     Count II of the Complaint is directed solely at the other defendant in this matter,

The National Enquirer, and therefore, no response is required.  To the extent a response is

required, Mr. Singer is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

44.     Count II of the Complaint is directed solely at the other defendant in this matter,

The National Enquirer, and therefore, no response is required.  To the extent a response is

required, the interview with Mr. Cosby published in The National Enquirer is in writing and

speaks for itself.

45.     Count II of the Complaint is directed solely at the other defendant in this matter

The National Enquirer, and therefore, no response is required. To the extent that the allegations

in paragraph 45 relate to Mr. Singer, the allegations are denied.  To the extent that the allegations

in paragraph 45 are directed to The National Enquirer, Mr. Singer is without knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph.

46.   Count II of the Complaint is directed solely at the other defendant in this matter, The National Enquirer, and therefore, no response is required. To the extent a response is required, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47.   Count II of the Complaint is directed solely at the other defendant in this matter, The National Enquirer, and therefore, no response is required. To the extent a response is required, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

48.   Count II of the Complaint is directed solely at the other defendant in this matter, The National Enquirer, and therefore, no response is required. To the extent a response is required and to the extent paragraph 48 refers to any statements allegedly made by Mr. Singer, the allegations are denied.

WHEREFORE, Mr. Singer respectfully requests the entry of judgment in his favor and against Plaintiff and an award of his costs, his attorneys' fees as allowed by law, and such other relief as the Court deems appropriate.

## COUNT III
### Andrea Constand v. Martin Singer and The National Enquirer
### False Light/Invasion of Privacy

49.   To the extent the allegations of paragraph 49 are directed to Mr. Singer, the allegations are denied. To the extent that the allegations in paragraph 49 are directed to The National Enquirer, no response is required. To the extent a response is required concerning the allegations about The National Enquirer, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

8

50.     To the extent the allegations of paragraph 50 are directed to Mr. Singer, Mr. Singer admits that he that he spoke to a representative of Celebrity Justice and denies the remaining allegations of paragraph 50. To the extent that the allegations in paragraph 50 are directed to The National Enquirer, no response is required. To the extent a response is required concerning the allegations about The National Enquirer, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

51.     To the extent the allegations of paragraph 51 are directed to Mr. Singer, the allegations are denied. To the extent that the allegations in paragraph 51 are directed to The National Enquirer, no response is required. To the extent a response is required concerning the allegations about The National Enquirer, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

52.     To the extent the allegations of paragraph 52 are directed to Mr. Singer, the allegations are denied. To the extent that the allegations in paragraph 52 are directed to The National Enquirer, no response is required. To the extent a response is required concerning the allegations about The National Enquirer, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

53.     To the extent the allegations of paragraph 53 are directed to Mr. Singer, the allegations are denied. To the extent that the allegations in paragraph 53 are directed to The National Enquirer, no response is required. To the extent a response is required concerning the allegations about The National Enquirer, Mr. Singer is without knowledge or information sufficient to form a belief as to the truth of those allegations.

WHEREFORE, Mr. Singer respectfully requests the entry of judgment in his favor and against Plaintiff and an award of his costs, his attorneys' fees as allowed by law, and such other relief as the Court deems appropriate.

## SECOND DEFENSE

54.    The Complaint fails to state a claim against Mr. Singer upon which relief can be granted.

## THIRD DEFENSE

55.    Plaintiff's claims against Mr. Singer are barred because the Court is without personal jurisdiction over him.

## FOURTH DEFENSE

56.    Plaintiff's claims against Mr. Singer are barred because venue is inappropriate in this district.

## FIFTH DEFENSE

57.    Statements made by Mr. Singer which are the subject of Plaintiff's Complaint are true, were made with a good faith belief in the truth of the statements, and/or are an expression of Mr. Singer's opinion.

## SIXTH DEFENSE

58.    Statements made by Mr. Singer which are the subject of Plaintiff's Complaint are not capable of defamatory meaning in the context in which they were made.

## SEVENTH DEFENSE

59.    Recovery on the claims in the Complaint based on statements made by Mr. Singer would be in violation of, and precluded by, the United States Constitution.

## EIGHTH DEFENSE

60.    Mr. Singer reserves the right to assert additional defenses revealed through discovery or other investigation.

## JURY DEMAND

Mr. Singer hereby demands a trial by jury in this matter.

Dated: June 23, 2006

NANCY J. GELLMAN
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102-1916
(215) 864-8065
(215) 864-0065 (fax)
ngellman@cogr.com

Attorneys for Defendant
Martin D. Singer, Esquire

11

## CERTIFICATE OF SERVICE

I, Nancy J. Gellman, Esquire, hereby certify that on the date set forth below I caused a copy of the foregoing Answer of Defendant Martin D. Singer to be electronically filed pursuant to the Court's electronic court filing system, that the document is available for downloading and viewing from the electronic court filing system, and that the document was also served by first class mail upon the following:

Dolores M. Troiani, Esquire
Bebe H. Kivitz, Esquire
Troiani/Kivitz, L.L.P.
38 North Waterloo Road
Devon, PA  19333
dmt@troianikivitz.com
bhk@troianikivitz.com

  and

Ann C. Lebowitz, Esquire
Charles J. Grant, Esquire
Grant & Lebowitz, LLC
1818 Market Street, 33rd Floor
Philadelphia, PA  19103
acl@grantlebowitz.com
cjg@grantleowitz.com

*Attorneys for Plaintiff*

Paul D. Weller, Esquire
Jennifer B. Jordan, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103
pweller@morganlewis.com
jjordan@morganlewis.com

*Attorneys for Defendant*
*The National Enquirer*

Patrick J. O'Connor, Esquire
George M. Gowen, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
poconnor@cozen.com
ggowen@cozen.com

  and

Andrew D. Schau, Esquire
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036
adschau@pbwt.com

*Attorneys for Defendant*
*William H. Cosby, Jr.*

Dated:  June 23, 2006

Nancy J. Gellman