**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDREA CONSTAND,** | : | |
| | : | CIVIL ACTION NO. 06-483 |
| Plaintiff, | : | |
| | : | Judge Eduardo C. Robreno |
| v. | : | |
| | : | (Original Action) |
| **MARTIN D. SINGER et al.,** | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **ANDREA CONSTAND,** | : | |
| | : | CIVIL ACTION NO. 05-1099 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Eduardo C. Robreno |
| | : | |
| **WILLIAM COSBY,** | : | |
| | : | (Consolidated for discovery) |
| Defendant. | : | |

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant The National Enquirer answers the Complaint as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

3.      Admitted in part, denied in part.  Defendant admits that it has an office located at One Park Avenue, New York, New York and an office in Boca Raton, Florida.  The remainder of the paragraph is denied.

4.      Denied as a conclusion of law to which no response is required.

5.      Denied.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

8.      Admitted in part, denied in part.  Defendant admits that it has an office located at One Park Avenue, New York, New York and an office in Boca Raton, Florida.  The remainder of the paragraph is denied.

9.      Defendant incorporates its responses to paragraphs 1–8 as if fully set forth herein.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

15.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

16.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

22.     Denied as stated.  Defendant admits only that on or about February 21, 2005, Cosby met with a representative of The National Enquirer, Barry Levine, in Houston, Texas.

23.     Denied as stated.  Defendant admits only that prior to Mr. Cosby's interview with The National Enquirer, an agreement was negotiated between Mr. Cosby's representatives, including Mr. Singer, and The National Enquirer.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it are therefore deemed denied.

25.     Denied.

26.     Admitted in part, denied in part.  Defendant admits that Mr. Cosby gave The National Enquirer an "exclusive" interview.  Defendant further admits that during that interview Mr. Cosby stated "I will not give in to people who try to exploit me because of my celebrity status."  The remainder of paragraph 26 is denied.  Defendant specifically denies that there is an "Exhibit B" referencing the quoted language.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

## COUNT I
### Andrea Constand v. Martin Singer
### Defamation/Defamation Per Se

Defendant incorporates its responses to paragraphs 1–30 as if fully set forth herein.

31.–40.         The allegations in paragraphs 31–40 are directed at a claim against Mr. Singer, and therefore no response is required by The National Enquirer.  To the extent a response is required, the allegations are denied.

## COUNT II
### Andrea Constand v. The National Enquirer
### Defamation/Defamation Per Se

Defendant incorporates its responses to paragraphs 1–40 as if fully set forth herein.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph and it is therefore deemed denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Admitted in part, denied in part.  It is admitted that Defendant published an article regarding an interview with William Cosby in or about March 2005.  The remainder of paragraph 47 is denied.

48.     Denied.

## COUNT III
### Andrea Constand v. Martin Singer and The National Enquirer
### False Light/Invasion of Privacy

Defendant incorporates its responses to paragraphs 1–48 as if fully set forth herein.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

WHEREFORE, Defendant The National Enquirer respectfully requests entry of judgment in its favor on all of Plaintiff's claims, and such other relief as the Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

54.     Plaintiff's claims are barred because venue is not properly laid in this district.

### SECOND AFFIRMATIVE DEFENSE

55.     Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

56.     Plaintiff's claims are barred by The National Enquirer's qualified immunity from suit for defamation.

## FOURTH AFFIRMATIVE DEFENSE

57.     Plaintiff's claims are barred by the protections afforded a free press by the First Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

58.     Plaintiff has failed to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

59.     Plaintiff's claims are barred because the statement Plaintiff alleges to be false is not a verifiably false statement, was made in good faith, and contains non-actionable expressions of state of mind and/or opinion.

## SEVENTH AFFIRMATIVE DEFENSE

60.     Plaintiff's claim for punitive damages is barred by the First Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

61.     Plaintiff's claims are barred because the statement Plaintiff alleges to be false is true.

WHEREFORE, Defendant The National Enquirer respectfully requests entry of judgment in its favor on all of Plaintiff's claims, and such other relief as the Court deems just.

## JURY DEMAND

The National Enquirer hereby demands a trial by jury in this matter.

DATED:  July 7, 2006

Paul J. Weller (Id. No. 61175)
Jennifer B. Jordan (Id. No. 87011)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA   19103
(t) 215.963.5000
(f) 215.963.5001

*Attorneys for Defendant The National
Enquirer*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Answer was

filed and available for viewing and downloading electronically and were served on the following

by first class mail:

Dolores M. Troiani
Bebe H. Kivitz
Troiani/Kivitz LLP
38 N. Waterloo Road
Devon, PA 19333
dmt@troianikivitz.com
bhk@troianikivitz.com

*Attorneys for Plaintiff*

Nancy J. Gellman
Conrad O'Brien Gellman & Rohn. P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102-1916
ngellman@cogr.com

*Attorneys for Defendant Martin Singer*

Patrick J. O'Connor
George M. Gowen, III
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
poconnor@cozen.com
ggowen@cozen.com

Andrew D. Schau
Patterson Belknap Webb & Tyler, LLP
1133 Avenue of the Americas
New York, NY 10036
adschau@pbwt.com

*Attorneys for Defendant William H. Cosby, Jr.*

DATED:  July 7, 2006

Jennifer B. Jordan