# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DATE:       January 12, 2015

TO:         Counsel of Record

SUBJECT:    Local Rule of Civil Procedure 5.1.5
            *Documents Filed Under Seal*

CIVIL ACTION NO.: 05-cv-1099
            Constand v. Cosby

## NOTICE

Pursuant to Rule 5.1.5 of the Local Rules of Civil Procedure, Documents Filed Under Seal, as approved and adopted by the judges of the United States District Court for the Eastern District of Pennsylvania, effective March 1, 2005, the below noted documents continue to remain sealed. The two-year period prescribed by L.R.C.P. 5.1.5 (b)(2) has now concluded and the Court has not entered an order continuing its sealed status beyond that time.

In accordance with L.R.C.P. 5.1.5(c), this is to notify you that the aforesaid documents will be unsealed unless you advise the Clerk in writing within sixty days (60) days from the date of this notice, that you object to the unsealing of said documents. If you object to the unsealing of the documents, or if this Notice is returned unclaimed, the court will make a determination, on a case-by-case basis, whether to maintain the documents under seal, to unseal the documents under seal, or to require further notification.

**DOCUMENTS CURRENTLY UNDER SEAL:**

| Doc. #: | Date: | Docket Text: |
|---|---|---|
| 48 | 11/21/2005 | MOTION FOR SANCTIONS CONCERNING CONDUCT OF DEFENDANT AT DEPOSITION AND MEMORANDUM OF LAW FILED BY ANDREA CONSTAND |
| 49 | 11/21/2005 | DEFENDANTS' REQUEST TO COMPEL AND MEMO CONCERNING OVERARCHING ISSUES by WILLIAM H. COSBY, JR |
| 50 | 11/21/2005 | MOTION TO COMPEL DISCOVERY FILED BY ANDREA CONSTAND |
| 52 | 11/28/2005 | MOTION TO STRIKE PLAINTIFF'S MOTION CONCERNING CONDUCT OF DEFENDANT'S DEPOSITION AND MOTION FOR SANCTIONS FILED BY WILLIAM H. COSBY, JR. |
| 57 | 12/5/2005 | PLAINTIFF'S REPLY TO DEFENDANT'S REQUESTS TO COMPEL AND MEMORANDUM CONCERNING OVERARCHING ISSUES by ANDREA CONSTAND |
| 58 | 12/6/2005 | RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND MEMORANDUM CONCERNING OVERARCHING ISSUES filed by WILLIAM H. COSBY, JR. |
| 60 | 12/8/2005 | RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION CONCERNING CONDUCT OF DEFENDANT'S DEPOSITION AND MOTION FOR SANCTIONS AND MEMORANDUM OF LAW FILE BY ANDREA CONSTAND |
| 61 | 12/8/2005 | MOTION TO COMPEL THE NATIONAL ENQUIRER'S COMPLIANCE WITH SUBPOENA FOR DOCUMENT AND REQUEST FOR EXPEDITED RESOLUTION AND MEMORANDUM OF LAW FILED BY ANDREA CONSTAND |
| 64 | 12/22/2005 | DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|    |            |                                                                                                                                                                                                            |
|----|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |            | THE NATIONAL ENQUIRER'S COMPLIANCE WITH SUBPOENA FOR DOCUMENT AND REQUEST FOR EXPEDITED RESOLUTION filed by WILLIAM H. COSBY, JR.                                                                           |
| 65 | 12/22/2005 | MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL filed by NATIONAL INQUIRER                                                                                                                  |
| 66 | 1/4/2006   | MOTION FOR LEAVE TO FILE REPLY MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MEMO IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE NATIONAL ENQUIRER'S COMPLIANCE WITH SUBPOENA FOR DOCUMENTS ANDREA CONSTAND |
| 67 | 1/4/2006   | MEMORANDUM OF LAW IN SUPPORT OF THE LIFTING OF THE SEAL ESTABLISHED BY CASE MANAGEMENT ORDER 2 filed by ANDREA CONSTAND                                                                                     |
| 68 | 1/5/2006   | MOTION FOR LEAVE TO FILE PLAINTIFF' SREPLY TO THE NATIONAL ENQUIRER'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'W MOTION TO COMPEL FILED BY ANDREA CONSTAND                                              |

A copy of Local Rule of Civil Procedure 5.1.5 is attached for your convenient reference. If you have any questions, please call Alexander Eggert at (267) 299-7216.

        Very truly yours,

        MICHAEL E. KUNZ
        CLERK OF COURT


        s/ALEXANDER EGGERT
        Alexander Eggert
        Deputy Clerk


CC by Mail to:          CC by E-Mail to:
B. Joyce Thompson Dale          Nancy J. Gellman
        George M. Gowen, III
        Jennifer B. Jordan
        Bebe H. Kivitz
        Ann C. Lebowitz
        Patrick J. O'Connor
        Andrew D. Schau
        Dolores M. Troiani
        Paul D. Weller

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### LOCAL RULE OF CIVIL PROCEDURE 5.1.5:
### DOCUMENTS FILED UNDER SEAL

(a)   A document in a civil action may be filed under seal only if:

    (1)   the civil action is brought pursuant to a federal statute that prescribes the sealing of the record or of certain specific documents; or

    (2)   the Court orders the document sealed.

(b)

    (1)   Where a document is sealed pursuant to § 5.1.5(a)(1), the continued status of the document under seal shall be governed by the relevant federal statute. If no federal statute governs, § 5.1.5(b)(2) and (c) shall apply.

    (2)   When a document is sealed pursuant to § 5.1.5(a)(2), the document, if it remains in the custody of the Court, shall not be unsealed for two years after the conclusion of the civil action including all appeals, unless the Court orders otherwise.

(c)   If a document is still sealed at the conclusion of the two-year period and the Court has not entered an order continuing its sealed status beyond that time, the Clerk of Court shall notify the attorney for the party having submitted the sealed document at the attorney's address on the docket that the document will be unsealed unless the attorney or the submitting party advises the Clerk within sixty (60) days that said attorney or submitting party objects. If the attorney or submitting party objects to the unsealing of the document or if the Clerk's notification is returned unclaimed, the Court will make a determination, on a case-by-case basis, whether to maintain the document under seal, to unseal it, or to require further notification.