**LSKS | LEVINE SULLIVAN KOCH & SCHULZ, LLP**

1760 Market Street
Suite 1001
Philadelphia, PA 19103
(215) 988-9778 | Phone
(215) 988-9750 | Fax

Gayle C. Sproul
(215) 988-9782
gsproul@lskslaw.com

*Order to be filed of record*

*[signature]*

*6/18/15*

**RECEIVED
JUN 17 2015
CHAMBERS OF
JUDGE ROBRENO**

June 17, 2015

**VIA HAND DELIVERY**

The Honorable Eduardo C. Robreno
United States District Court for the
 Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 15614
Philadelphia, Pennsylvania 19106

Re: *Constand v. Cosby*
Civil Action No. 05-cv-01099-ER

Dear Judge Robreno:

Our firm represents The Associated Press ("AP"), which intervened in this action in 2005 to challenge the sealing of certain motions, exhibits, and letters. Dkt. Nos. 26, 51. The AP's second motion to intervene and for access to sealed records in this matter (Dkt. No. 51) was denied without prejudice, pending the outcome of discovery. Memorandum and Order, Dkt. No. 72, p. 12 (Jan. 13, 2006); *see also* Dkt. No. 76, pp. 1-2, 27 (same). In particular, Your Honor held: "Once the depositions are concluded, the Court will determine if the notes of testimony and motions and responses containing portions of that testimony shall be subject to a sealing order." Your Honor further ruled that

> [i]n the event that the Court grants a protective order supported by specific findings sealing any materials, any interested party will have an opportunity to request to intervene and challenge the ruling granting the protective order at that time.

Dkt. No. 72, p. 12, However, the case settled before the depositions were concluded, and, as a result, no definitive analysis or ruling regarding sealing was subsequently made by the Court.

All sealed documents have now been sealed for approximately nine years, despite this Court's Local Rule 5.1.5 (b) and (c), which provides that documents filed under seal pursuant to



Hon. Eduardo C. Robreno  
June 17, 2015  
Page 2

court order will remain sealed for only two years, at which point the Court must undertake an independent determination analyzing whether continued sealing is required:

> If a document is still sealed at the conclusion of the two-year period and the Court has not entered an order continuing its sealed status beyond that time, the Clerk of Court shall notify the attorney for the party having submitted the sealed document at the attorney's address on the docket that the document will be unsealed unless the attorney or the submitting party advises the Clerk within sixty (60) days that said attorney or submitting party objects. If the attorney or submitting party objects to the unsealing of the document or if the Clerk's notification is returned unclaimed, the Court will make a determination, on a case-by-case basis, whether to maintain the document under seal, to unseal it, or to require further notification

Rule 5.1.5 (c).

Pursuant to Rule 5.1.5, the AP wrote to the Clerk of Court on December 29, 2014, requesting that he implement the process set forth in the Rule. He did so on January 12, 2015, directing that any objections to unsealing should be filed within 60 days. Dkt. No. 97. On March 11, 2015, Mr. Cosby filed his objection and asked that "the Court provide a briefing schedule, so that he and other interested parties may be heard." Dkt. No. 98

The AP respectfully requests that the Court provide the requested briefing schedule for the resolution of Mr. Cosby's objection. In light of Your Honor's ruling that "any interested party will have an opportunity to request to intervene and challenge the ruling granting the protective order at that time," the AP requests permission to be included in the process and will await the Court's direction as to whether a renewed motion to intervene will be required.

In addition, the Court should be aware of a corollary proceeding in this Court involving Mr. Cosby. On June 2, 2015, Mr. Cosby filed a miscellaneous action in this Court, moving to quash a subpoena served on Ms. Constand's attorney in this action (the "Motion"), by plaintiffs in a Massachusetts action. *See Green v. Cosby*, No. 2:15-mc-00144-JP ("*Green I*"), Dkt. No. 1 (citing *Green v. Cosby*, No. 14-30211 (D. Mass.) ("*Green II*")). That Motion implicates the sealed records in this case, as Mr. Cosby has asserted in *Green I* that the subpoena should be quashed in part because it seeks documents sealed in *Constand*. *See* Motion at 1, 8. Last week,



Judge Padova ruled that the Motion will be held in abeyance because discovery in *Green II* has been stayed. *Green v. Cosby*, No. 2:15-mc-00144-JP (June 10, 2015 E.D. Pa.), Dkt. No. 7 (citing *Green II*, Dkt. No. 80). The stay in discovery in *Green II* does not act to stay this Court's determination under Rule 5.1.5, which should proceed in accordance with the Rule.

Respectfully,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: _____
Gayle C. Sproul

cc: Bebe H. Kivitz, Esq. (via email: bkivitz@jskhlaw.com)
Ann C. Lebowitz, Esq. (via email: acl@alebowitz.com)
Dolores M. Trioiani, Esq. (via email: dmt@tglawoffice.com)
Andrew D. Schau, Esq. (via email: aschau@cov.com)
Patrick J. O'Connor, Esq. (via email: poconnor@cozen.com)
George M. Gowen, III, Esq. (via email: ggowen@cozen.com)
Jennifer B. Jordan, Esq. (via email: jjordan@morganlewis.com)
B. Joyce Thompson Dale, Esq. (via first-class mail)