IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND | : |
| Plaintiff, | : Case No. 05-CV-01099 |
| v. | : |
| WILLIAM H. COSBY, JR. | : |
| Defendant. | : |

**MOTION OF TAMARA GREEN, THERESE SERIGNESE, AND LINDA TRAITZ TO INTERVENE AND LATE-FILE MEMORANDUM IN SUPPORT OF LIFTING SEAL**

COME NOW Tamara Green, Therese Serignese, and Linda Traitz (hereinafter "the Massachusetts Plaintiffs"), by and through their counsel, pursuant to Federal Rule of Civil Procedure (FRCP) 6 and 24, and hereby request that the Court (1) permit the Massachusetts Plaintiffs to intervene in this action to litigate the seal in this action; and (2) permit the Massachusetts Plaintiffs to submit their attached Memorandum in Support of Lifting Seal (attached hereto as *Exhibit A*), three business days after the Court's deadline, given that the Massachusetts Plaintiffs learned of the Court's request for memoranda on this issue only on June 26, 2015, the date of the hearing on this issue. The Massachusetts Plaintiffs explain further, as follows:

1. The Massachusetts Plaintiffs are three women, each of whom Defendant William H. Cosby, Jr., sexually assaulted in the 1970s.

2. While the instant action (hereinafter "the *Constand* action") was still ongoing, upon information and belief, the parties to the *Constand* action conducted discovery regarding Therese Serignese (named as a "Jane Doe" witness) and Tamara Green, as their accusations of sexual assault were relevant to the *Constand* action under Federal Rule of Evidence 415 (pertaining to evidence of propensity for sexual misconduct). *See Constand v. Cosby*, 232 F.R.D. 494, 497-98 (E.D. Pa. 2006). (Since then, Ms. Serignese voluntarily and widely disclosed her identity in November of 2014.)

3. In 2014, Defendant Cosby (by and through his spokespersons) defamed the Massachusetts Plaintiffs as liars, because they publicly disclosed his sexual assaults.

4. On December 10, 2014, Ms. Green filed a defamation action against Defendant Cosby in the United States District Court for the District of Massachusetts, Case No. 3:14-cv-30211 ("the Massachusetts action"). On January 5, 2015, Ms. Serignese and Ms. Traitz joined the action with their own defamation claims against Defendant Cosby. *See Exhibit B*, Second Amended Complaint in the Massachusetts Action.

5. Discovery in the Massachusetts action is currently stayed, while there remain pending Motions to Dismiss filed by

Defendant Cosby. After the Motions to Dismiss are disposed of, assuming the Massachusetts action is still ongoing, discovery will resume. At that point, the Massachusetts Plaintiffs will proceed to obtain Defendant Cosby's testimony, as well as the testimony of as many of his accusers as is reasonably possible, including the "Jane Doe" witnesses in the *Constand* action.

6. Furthermore, the Massachusetts Plaintiffs have served a subpoena upon Dolores Troiani, Esquire, one of the attorneys for Plaintiff Andrea Constand in the *Constand* action. The subpoena seeks materials obtained in the *Constand* action solely that relate to the Massachusetts Plaintiffs. Defendant Cosby has moved to quash that subpoena, but that Motion is being held in abeyance until the disposition of the Motions to Dismiss in Massachusetts. *Green v. Cosby*, Case No. 2:15-mc-00144 (E.D. Pa. 2015).[1]

7. As the above demonstrates, the Massachusetts Plaintiffs have standing to intervene in this action for the purpose of litigating the seal, and qualify as "interested parties" within the meaning of this Court's June 18, 2015 Order, inviting memoranda on the issue. "[T]hird parties have standing to

---

[1] Joseph Cammarata, Esquire, identified as "of counsel," successfully moved for admission *pro hac vice* in that action. He is seeking admission *pro hac vice* in this action as well.

challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994). Thus a media organization such as the Associated Press may intervene even if it is asserting rights that "belong to a broad portion of the public at large." *Id.* (quoting *United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1978)).

8. Here, of course, the Massachusetts Plaintiffs' interest in the seal is significantly more palpable than the Associated Press's, which is significant in itself. The parties in the *Constand* action conducted discovery into various sexual assault allegations against Defendant Cosby, which upon information and belief may have included the allegations made by Ms. Serignese and Ms. Green, if not Ms. Traitz. Furthermore, the materials at issue in the instant case are highly relevant to the Massachusetts action, as there may include evidence concerning the sexual assaults against the Plaintiffs; and, furthermore, evidence concerning sexual assaults upon **other** women will be relevant to the Massachusetts action under Federal Rule of Evidence 415.

9. On January 12, 2015, the Clerk of this Court issued a notice that it was initiating proceedings for the Court to

4

reconsider the seal. The Massachusetts Plaintiffs learned of the notice shortly afterward, and have been periodically checking the online docket in this case ever since. However, Plaintiffs did not happen to check this case's docket in the eight calendar days between June 18 and June 26, 2015. Neither the Court nor any party notified the Massachusetts Plaintiffs of the June 18, 2015 Order in that period of time. Accordingly, the Massachusetts Plaintiffs were unaware of this Court's June 18, 2015 Order soliciting memoranda from interested parties by June 24, 2015, until two days after the deadline passed – June 26, 2015.

10. The Massachusetts Plaintiffs have reacted immediately by filing the instant Motion with the proposed Memorandum on the following business day, June 29, 2015.

11. The Massachusetts Plaintiffs respectfully submit that their failure to file the Memorandum by June 24, 2015 constitutes, at worst, excusable neglect. See FRCP 6(b)(1)(B).

WHEREFORE, Tamara Green, Therese Serignese, and Linda Traitz respectfully request that the Court permit them to intervene and allow them to file the proposed Memorandum in Support of Lifting Seal.

Respectfully submitted,

/s/ Robert L. Sachs, Jr.
Robert L. Sachs, Jr.
**Shrager Spivey & Sachs**
2005 Market Street, Suite 2300
Philadelphia, PA 19103
Ofc: (215) 568-7771
Fax: (215) 568-7495
E-mail: rsachs@shragerlaw.com

**OF COUNSEL:**

/s/ Joseph Cammarata
Joseph Cammarata, Esquire
**CHAIKIN, SHERMAN, CAMMARATA &
  SIEGEL, P.C.**
The Law Building
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Ofc: (202) 659-8600
Fax: (202) 659-8680
E-mail: joe@dc-law.net
Attorneys for Plaintiffs