# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
| | : |
| Plaintiff, | : |
| | : No. 05-cv-1099 |
| v. | : |
| | : |
| WILLIAM H. COSBY, JR., | : |
| | : |
| Defendant. | : |

**DECLARATION OF PATRICK J. O'CONNOR, ESQUIRE, IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE AND IN OPPOSITION
TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

PATRICK J. O'CONNOR, ESQUIRE, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of Cozen O'Connor and am counsel to Defendant in this action.

2. On October 2, 2006, the parties in this action executed and entered into a Confidential Settlement Agreement and General Release.

3. The Confidential Settlement Agreement and General Release provides, in relevant part:

**Confidentiality**

14. Except as provided in Paragraphs 15 and 21 of this Confidential Settlement Agreement and General Release, CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel acknowledge COSBY's, SINGER's, and AMERICAN MEDIA's interests in not permitting others (a) to know (i) the outcome or the underlying facts of the LITIGATION, or (ii) the terms of this Confidential Settlement Agreement and General Release, (b) to learn more about CONSTAND's allegations or their defenses other than what is already a matter of public record, via their pleadings, or published press reports (c) to learn the information gathered and generated in the course of discovery in the LITIGATION, or (d) to gain access to the motions and briefs currently filed under seal in the LITIGATION. They also acknowledge that CONSTAND, COSBY,

SINGER, and AMERICAN MEDIA enter into this Confidential Settlement Agreement and General Release to protect those interests. Accordingly, except as provided in Paragraphs 15 and 21 of this Confidential Settlement Agreement and General Release:

A. CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel agree, as of August 23, 2006, not to disclose to anyone, via written or oral communication or by disclosing a document, in private or public, any aspect of this LITIGATION, including, but not limited to:

   1. the events or allegations upon which the LITIGATION was based;

   2. allegations made about COSBY or CONSTAND by other persons;

   3. the information that they learned during the criminal investigation of COSBY or discovery in the LITIGATION, including, but not limited to, allegations made by other women concerning COSBY, the content of the Montgomery County District Attorney's and the Cheltenham Township Police Department's files from the criminal investigation of COSBY, and the content of COSBY's and CONSTAND's depositions in the LITIGATION, and information about COSBY or CONSTAND gathered by their agents.

B. CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel further agree not to write or publish, or to cause, authorize or help anyone to write or to publish, any account of the information described in and covered by paragraph 14(A) above. CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND and their undersigned counsel agree not to make any public appearances or give any interviews concerning the information described in and covered by paragraph 14(A) above.

C. CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel agree not to disclose this Confidential Settlement Agreement and General Release or any of its terms and conditions (including by filing this Confidential Settlement Agreement and General Release with any court, except if the agreement itself is the subject of litigation and then only to the extent necessary to assert rights and/or defend the litigation), or except as provided in sections 15 and 21, even the fact of settlement of the LITIGATION, unless such disclosure is required by the United States Internal Revenue Service, the equivalent Canadian taxing authority, or similar state or federal taxing agencies, or pursuant to a criminal investigation by state or federal authorities in the United States or Canada, or in response to a valid subpoena issued by a

2

court of competent jurisdiction.  In the event CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, or their undersigned counsel receive any such request or order, before complying with it, they will first notify the other signatories to this Confidential Settlement Agreement and General Release, by fax, and afford the other signatories five business days to object and/or move for relief in the courts, and they will provide such cooperation as may be reasonable with any such effort by the other signatories.  Any expenses relating to the objection incurred by the party to whom the request has been directed shall be borne by the objecting party.  No notice to the other signatories is required if the subpoena or document request is made by an agency investigating criminal allegations, provided that said agency has requested that no notification be given.  The party to whom any such Request is directed may comply therewith unless a valid or timely objection is filed with a court or a forum of competent jurisdiction by any party hereto.  The burden of filing any such objection shall be on the party opposing the disclosure of the information subject to the Request.  If a timely objection is filed, and proof furnished thereof, no disclosure will be made until there is a ruling from the Court directing that such disclosure be made.  In order to be timely, the objection must be made and proof provided at least two business days before the expiration of the time-period for compliance.

D.  CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel agree that within 40 days of the signing of this Confidential Settlement Agreement and General Release, they will deposit with a secured depository, as agreed by counsel, the original (if they possess the original) and all copies (including copies that may have been given to any of the parties' consultants, experts, or investigators) of the following documents, whether they exist in printed or electronic form:

1. The document productions of any party to the LITIGATION or recipient of a subpoena in the LITIGATION, including, but not limited to, the Montgomery County District Attorney, the Cheltenham Township Police Department, and Patterson Belknap Webb & Tyler LLP, and any summaries thereof;

2. All documents provided to CONSTAND or her undersigned counsel, by any person concerning COSBY or allegations made by another person against COSBY, including all documents about any of the persons identified by CONSTAND's counsel as a "Rule 415 Witness" in the LITIGATION, and any summaries thereof;

3. All recordings of conversations with or statements by COSBY or SINGER, and any summaries thereof;

3

    4. The transcripts of any depositions taken in the LITIGATION; the exhibits thereto; any summaries, excerpts, or reproductions thereof; and any documents referring thereto; and

    5. The briefs, motions, and exhibits thereto currently under seal in the LITIGATION.

E. Each party and their counsel shall have exclusive and complete access to their own files, but not to the files of the other parties. The expense of the secured depository shall be borne by COSBY and the files shall remain in the depository for so long as COSBY bears that expense. Upon reasonable request, each party shall make available to the other parties a log showing the dates that that party has accessed the secured depository. Any party may at any time issue a written request to any other party asking said party to agree to destroy any or all of the files in the secured depository. In the event that the parties are unable to reach agreement in response to the request, the parties will submit the issue for resolution to Judge Reuter, or otherwise as set forth in Paragraph 29 of this Confidential Settlement Agreement and General Release.

F. CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel agree that within 40 days of the signing of this Confidential Settlement Agreement and General Release, they each will provide written confirmation to the undersigned counsel for CONSTAND, COSBY, SINGER, and AMERICA MEDIA that they have used their best efforts to comply with Paragraph 14(D) of this Confidential Settlement and General Release.

15. CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel agree that, on the day CONSTAND files the documents contemplated in paragraph 12(A) above, they may issue the Settlement Press Release attached hereto as Exhibit A. CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel agree not to make any statement to anyone about the LITIGATION or the termination thereof, other than to refer to the Settlement Press Release attached hereto as Exhibit A, except as is provided for in paragraph 21 of this Confidential Settlement Agreement and General Release. It shall not be a violation of this Settlement Agreement and General Release to state or confirm that the LITIGATION has been resolved.

16. The confidentiality provisions set forth in paragraphs 14 through 21 of this Confidential Settlement Agreement and General Release are a material inducement to each of the parties hereto to enter this Confidential Settlement Agreement and General Release, and each of the parties and the party's undersigned counsel acknowledges that in entering this Confidential Settlement

Agreement and General Release, each party is expressly relying each other party's agreement to abide by the confidentiality provisions set forth in the paragraphs 14 through 21 of this Confidential Settlement Agreement and General Release.

17. CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel acknowledge that, should they violate any of the confidentiality provisions set forth in paragraphs 14 through 21 of this Confidential Settlement Agreement and General Release, no amount of monetary relief could repair the harm caused to CONSTAND, COSBY, SINGER, and/or AMERICAN MEDIA.  Therefore, CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel agree that, in the event that they violate or threaten to violate any of the confidentiality provisions set forth in paragraphs 14 through 21 of this Confidential Settlement Agreement and General Release, CONSTAND, COSBY, SINGER, and/or AMERICAN MEDIA shall be entitled to injunctive relief to prevent and/or mitigate any such violation, and to such other equitable and/or legal relief as may be appropriate.

18.  [INTENTIONALLY LEFT BLANK]

19.  CONSTAND, SINGER and AMERICAN MEDIA and their undersigned counsel recognize that COSBY wishes to retrieve or keep permanently under seal the portion of the court's records currently under seal in the LITIGATION, and they agree to not oppose any action necessary to do so.  CONSTAND agrees that, if she retains different counsel other than her undersigned counsel, she will instruct her new counsel in accordance with the requirements of this paragraph.

20.  CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel, agree that they will use their best efforts to ensure that their respective employees, partners, associates, staff members, consultants, agents, health care providers, and vendors (as applicable) comply with the confidentiality provisions of paragraphs 14 through 21 of this Confidential Settlement Agreement and General Release.

21.  The provisions of this release shall not include the signatories from disclosing the financial terms of this settlement:

A.   to their respective attorneys and referring attorneys (including their clerical staffs, law clerks, paralegals and accountants) to the extent necessary for the preparation of this release, or for the taking of any action necessary pursuant to this release, and for maintaining and filing of such reports, records and data as may be required by law, provided that they instruct such attorneys to keep such information strictly confidential;

5

B. to the employees or agents or spouse of COSBY and/or the employees or agents of AMERICAN MEDIA, on a need to know basis for the purposes of effectuating the settlement, or as may be involved in the processing of payments made hereunder or for the maintaining of filing such reports, records and data as may be required by law or necessitated by the internal operating procedures of COSBY and/or AMERICAN MEDIA, provided that they instruct such persons to keep the information strictly confidential;

C. to the employees or agents of COSBY's and/or AMERICAN MEDIA's insurance carrier on a need to know basis for the purposes of effectuating the settlement, or as may be involved in the processing of payments made hereunder or for the maintaining of filing such reports, records and data as may be required by law or necessitated by the internal operating procedures of COSBY's and/or AMERICAN MEDIA's insurance carrier, provided that they instruct such persons to keep the information strictly confidential;

D. to the accountants or financial planners of CONSTAND used specifically for financial planning and/or preparation of tax returns or the maintenance of records as may be required by law, provided that they instruct such accountants or financial planners to keep the information strictly confidential, and provided that they disclose to such accountants or financial planners only the amount of the settlement, the nature of the claims, if pertinent for tax or estate planning purposes, and that it resulted from a settlement of civil litigation brought by CONSTAND in the United States;

E. to the accountants or financial planners of COSBY and/or AMERCIAN MEDIA used specifically for financial planning and/or preparation of tax returns or the maintenance of records as may be required by law, provided that they instruct such accountants or financial planners to keep the information strictly confidential, and provided that they disclose to such accountants or financial planners only the amount of the settlement, the nature of the claims, if pertinent for tax or estate planning purposes, and that it resulted from a settlement of civil litigation brought by CONSTAND in the United States;

F. to any attorney retained to assist in financial or estate planning and their clerical staffs, law clerk clerks, paralegals and accountants and in the case of the formation of a trust to the administrator or executor or beneficiary or any other person involved in the creation, formation, maintenance of, or receipt of assets from any trust account established for the benefit of CONSTAND, provided that they disclose to such persons only the amount of the settlement, the nature of the claims, if pertinent for tax or estate planning purposes, and that it resulted from a settlement of civil litigation brought by CONSTAND in the United States;

G. With respect to the CONSTAND's allegations against COSBY, and her emotional response to the LITIGATION, to the any of CONSTAND's health

6

    care providers within the context of providing medical care, counseling, therapy or other medical, physical, emotional or psychological care to CNSTAND, provided that CONSTAND instructs such persons to keep the information strictly confidential;

H. With respect to the CONSTAND's allegations against COSBY, and her emotional response to the LITIGATION, to CONSTAND's parents or to a person with whom CONSTAND is sexually intimate or may wish to be sexually intimate, provided that CONSTAND instructs such persons to keep the information strictly confidential.

I. It shall not be a violation of this Settlement Agreement and General Release to state or confirm that the LITIGATION has been resolved.

Dated:  Philadelphia, Pennsylvania
July 21, 2015

                                                */s/ Patrick J. O'Connor*
                                                Patrick J. O'Connor