# Exhibit H

# TROIANI & GIBNEY, L.L.P.

──────── ATTORNEYS AT LAW ────────

DOLORES M. TROIANI, ESQUIRE  
dmt@tglawoffice.com

1171 LANCASTER AVENUE  
SUITE 101  
BERWYN, PA 19312

(610) 688-8400  
FAX (610) 688-8426

KIMBERLY C. GIBNEY, ESQUIRE  
kcg@tglawoffice.com

July 20, 2015

George Gowen, III, Esquire  
Cozen & O'Connor  
1900 Market Street  
Philadelphia, PA 19103

RE: Constand v. Cosby (Consolidated)

Dear George:

  We are in receipt of your e-mail. When we believed that the agreement was violated, we took the appropriate course and requested that the Court intervene. Your firm has instead chosen to make reckless accusations in the press, which are by any standard defamatory. As confirmed by the court reporter, we had nothing to do with the release of the deposition and we were not contacted in advance of it's release.

  We spoke to Gregg Wolfe, who is an independent and impartial court reporter of impeccable reputation. He tells us that he released the deposition relying upon his belief, as confirmed by various lawyers who represented the entities requesting the deposition, that the deposition was a public record which had been unsealed by the Court. The court reporter's code of ethics permits the disclosure of the deposition without notifying the parties in such a circumstance.

  There are numerous examples in the Court's memorandum which would lend support to this point of view. For example, the footnotes on page 13 of Judge Robreno's decision seem to respond to the offending footnote we had asked be removed from your brief. A careful reading of the memorandum at pages 18 and 19, certainly lends credence to the court reporter's reliance on the decision. Judge Robreno found that Cosby had diminished his right to privacy by joining the debate about the merits of the allegations against him. The Court then wrote, "Moreover, the AP's interest in obtaining Defendant's depositions is legitimate. The purpose for which the deposition is sought (and surely will be distributed to the world) is not merely commercial gain or prurient interest in exposing the details of Defendant's personal life." (Op. P. 19)

  That same paragraph lends credence to our position that your client has violated the settlement agreement, by "joining the debate about the merits of the allegations"

  In that Mr. Wolfe relied upon the portion from the court reporter's code of ethics to release the deposition as a public record, we relied upon that portion which prohibits its release without the reporter first contacting the parties. All of the confusion is directly related to your client's failure to preserve the seal as clearly outlined in the Court's memorandum.

## TROIANI & GIBNEY, L.L.P.
―― ATTORNEYS AT LAW ――

All of which points to the unworkability of the agreement which was entered into ten years ago, at a very different time. The ABC Cosby camp statement regarding the settlement has appeared repeatedly in various media accounts. There is a article about Camille Cosby telling the publicists to get in "front of this" at a meeting that is close in time to the release of the settlement statement.

In Pat's rant to me, he said that "your" court reporter has declined requests for Ms. Constand's deposition. That is appropriate because Ms. Constand's deposition is not the subject of Judge Robreno's Order. However, to be consistent, we have NO objection to its release.

In sum, we could spend the next ten years pointing fingers at one another. Although, we are flattered that your client believes we control the international press, we do not have the ability nor inclination to do so. To use a phrase, appropriate to Chester County, the horse galloped from the barn and took all of the ponies with him. You cannot close the barn door. Once again, we are open to a civil and courteous discussion about amending the settlement agreement in light of recent events.

Very truly yours,

Dolores M. Troiani

s/ Bebe H. Kivitz
Jacobs Kivitz & Drake LLC
1525 Locust Street, 12th Floor
Philadelphia, PA 19102

VIA ELECTRONIC MAIL