IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 05-cv-1099 |
| v. | : | |
| | : | |
| WILLIAM H. COSBY, JR., | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of Defendant's Motion to Strike the Motions of Non-Parties Beth Ferrier and Rebecca Cooper for Lack of Standing, and any responses thereto, it is hereby ORDERED and DECREED that Defendant's Motion is GRANTED. Accordingly, the Clerk is DIRECTED to STRIKE from the record the Motions of Non-Parties Beth Ferrier and Rebecca Cooper (ECF Doc. 109) and any attachments or exhibits thereto.

_____
Robreno, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
| | : |
| Plaintiff, | : |
| | : No. 05-cv-1099 |
| v. | : |
| | : |
| WILLIAM H. COSBY, JR., | : |
| | : |
| Defendant. | : |

**DEFENDANT'S MOTION TO STRIKE THE MOTIONS OF NON-PARTIES BETH FERRIER AND REBECCA COOPER FOR LACK OF STANDING**

Defendant William H. Cosby, Jr., files this motion to strike the motions of non-parties Beth Ferrier and Rebecca Cooper (ECF Doc. 109) for lack of standing. For the reasons set forth in the accompanying brief in support hereof, which is fully incorporated herein, Defendant's motion should be granted, and the motions of non-parties Beth Ferrier and Rebecca Cooper (ECF Doc. 109), and any attachments or exhibits thereto, should be struck from the record.

Dated: July 21, 2015

s/ *Patrick J. O'Connor*
Patrick J. O'Connor (No. 13086)
George M. Gowen III (No. 83210)
Matthew Bleich (No. 208069)
Michael P. Zabel (No. 310278)
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 665-2000
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
| | : |
| Plaintiff, | : |
| | : No. 05-cv-1099 |
| v. | : |
| | : |
| WILLIAM H. COSBY, JR., | : |
| | : |
| Defendant. | : |

**DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION TO STRIKE THE MOTIONS OF NON-PARTIES BETH FERRIER AND REBECCA COOPER FOR LACK OF STANDING**

Plaintiff Andrea Constand has filed a motion (ECF Doc. 107) seeking to undo a confidential settlement agreement that she voluntarily entered into with defendant William H. Cosby, Jr. In her motion, Plaintiff asks this Court to allow her to disregard the settlement agreement's confidentiality provisions.

Beth Ferrier and Rebecca Cooper have now filed motions (ECF Doc. 109) asking for permission to join, and to file briefs in support of, Plaintiff's motion. Neither Ms. Ferrier nor Ms. Cooper, however, is a party to the confidential settlement agreement from which Plaintiff's motion arises. The only parties to that agreement are Plaintiff, Defendant, a co-defendant, and their respective counsel. Nor do Ms. Ferrier and Ms. Cooper claim to be third-party beneficiaries of that agreement. Therefore, under basic contract principles, Ms. Ferrier and Ms. Cooper lack standing to enforce, join, or otherwise support Plaintiff's motion. *See, e.g., Ghaffari v. Wells Fargo Bank*, Civ. Act. No. 13-CV-2988, 2014 WL 6606611, at *5 (M.D. Pa. Nov. 19, 2014) ("Under Pennsylvania law, one does not have standing to sue for breach of contract unless [he] is a party to the contract or [he] is an intended third-party beneficiary.") (internal quotation marks

omitted) (citing *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa. 1992)). The motions of Ms. Ferrier and Ms. Cooper should accordingly be struck for lack of standing.[1]

\*   \*   \*

Not only do Ms. Ferrier and Ms. Cooper lack standing under basic contract principles; they lack standing under Fed. R. Civ. P. 24, which governs intervention of non-parties. As an initial matter, Ms. Ferrier and Ms. Cooper have failed to comply with the rule's requirement that a request to intervene be made by a motion that states the grounds for intervention and that is accompanied "by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). *See also Ulrich v. Corbett*, Civ. Act. No. 14-0919, 2014 WL 3339566, at \*3 (M.D. Pa. July 8, 2014) (dismissing motion to intervene for failure to comply with Rule 24(c)).

Even if Ms. Ferrier and Ms. Cooper had tried to comply with Rule 24(c), their attempt to intervene would still fail. Intervention as of right under Rule 24(a) is inapplicable here because no federal statute gives Ms. Ferrier and Ms. Cooper the right to intervene, nor can Ms. Ferrier and Ms. Cooper "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

---

[1] Contrary to what Ms. Ferrier and Ms. Cooper state, Plaintiff is not asking this Court to "[u]nseal[] Defendant's complete deposition transcript." (ECF Doc. 109 at pg. 5.) Indeed, the complete transcript of Mr. Cosby's deposition has not been filed with this Court. (See July 6, 2015 Memorandum of the Hon. Eduardo J. Robreno, ECF Doc 105, at pg. 13 n. 6.) Nor are they asking this Court to modify a confidentiality or protective order. Rather, Ms. Constand is asking this Court to "negate the confidentiality provisions of the settlement agreement." (ECF Doc. 109, at pg. 8.) Thus, the question of whether Ms. Ferrier and Ms. Cooper have standing to join or support Ms. Constand's motion turns on basic contract principles. It has nothing to do with *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), which applies only to documents that have been filed with a court and to confidentiality or protective orders issued by a court. *See id.* at 784.

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This "action" is over; it was settled by the parties and dismissed by the Court. While the settlement agreement may now be an issue for the Court, Ms. Ferrier and Ms. Cooper were not parties to that agreement.

Permissive intervention under Rule 24(b)(2) would be equally inappropriate because Ms. Ferrier and Ms. Cooper do not have "a claim or defense that shares with the main action a common question of law or fact." Indeed, Ms. Ferrier and Ms. Cooper have failed to assert or identify any claim or defense—actual or prospective—whatsoever. And even if they did have a claim or defense to assert, "[p]ermissive intervention … has always required an independent basis for jurisdiction." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046, (D.C. Cir. 1998). There is no indication, however, that Ms. Ferrier and Ms. Cooper have diversity of citizenship with Defendant. Nor is any basis for federal-question jurisdiction apparent.

Ms. Ferrier's and Ms. Cooper's lack of standing is so obvious that it is hard to avoid the conclusion that the real function of their motions is to serve as a springboard for the vitriol with which the motions overflow. That, unfortunately, is only a small taste of what will come from Plaintiff and her allies if this Court grants Ms. Constand's request to undo the settlement agreement's confidentiality provision.

*   *   *

Ms. Ferrier and Ms. Cooper cannot cure their lack of standing by alleging that they have previously been named as Rule 415 witnesses in this case. Their former status as Rule 415 witnesses does not make them parties to the confidential settlement agreement between Plaintiff and Defendant, nor does it otherwise confer on them any rights under that agreement. And it certainly does not solve their Rule 24 problem.

3

Ms. Ferrier and Ms. Cooper insist that they are *still* Rule 415 witnesses in this case. (ECF Doc. 109 at pgs. 4 & 8.) They are wrong. Plaintiff's claims are defunct; they were dismissed with prejudice almost a decade ago pursuant to the confidential settlement agreement. Therefore, Ms. Ferrier and Ms. Cooper are no longer Rule 415 witnesses in this case. They have no interest whatsoever in this case.

Nor are they parties in any other case involving Defendant. This means that they have no way of availing themselves of the exclusive legal procedure for obtaining confidential documents from third-parties: issuing a subpoena as a party in a lawsuit—and then defending that subpoena against any challenges to it.

That is the procedure recently followed by Tamara Green and Therese Serignese, two other former Rule 415 witnesses. After filing suit against Defendant in Massachusetts, Ms. Green and Ms. Serignese served subpoenas on Ms. Constand's counsel (Ms. Troiani) seeking, among other things, the complete transcript of Mr. Cosby's deposition. Mr. Cosby filed a motion to quash those subpoenas; that motion was assigned to Judge Padova and docketed as *Green, et al. v. Cosby*, 15-mc-144 (E.D. Pa. June 2, 2015). In his motion to quash, Mr. Cosby argued that the subpoenas were improper because, among other things, the Massachusetts litigation had not yet reached (and might never reach) the discovery phase. Ms. Green and Ms. Serignese conceded that their subpoenas were unripe; on June 11, 2015, Judge Padova entered a stipulated order to that effect. (See Exhibit 1 hereto.)

In their instant motions, Ms. Ferrier and Ms. Cooper are not only trying to circumvent the exclusive legal procedure for obtaining confidential documents from third-parties; they are trying to circumvent Judge Padova's order. They are asking *this Court* to compel the production of the

very same documents whose production the Massachusetts litigants have so far been unable to persuade Judge Padova to compel. Such gamesmanship should not be tolerated.[2]

For the reasons set forth in this motion, this Court should strike the motions of Ms. Ferrier and Ms. Cooper to join and support Ms. Constand's motion. They have absolutely no standing to do so.

Dated:  July 21, 2015                                     s/ *Patrick J. O'Connor*
                                                           Patrick J. O'Connor (No. 13086)
                                                           George M. Gowen III (No. 83210)
                                                           Matthew Bleich (No. 208069)
                                                           Michael P. Zabel (No. 310278)
                                                           COZEN O'CONNOR
                                                           One Liberty Place
                                                           1650 Market Street
                                                           Philadelphia, PA  19103
                                                           (215) 665-2000
                                                           *Counsel for Defendant*
                                                           *Attorneys for Defendant*

---

[2] Unfortunately, the complete transcript of Mr. Cosby's deposition was recently released through extrajudicial means when—in violation of the confidentiality obligations governing its industry—Plaintiff's court reporting service released a copy of the transcript to the *New York Times*. There are still other documents in Plaintiff's possession, however, that the settlement agreement bars Plaintiff from releasing.

## CERTIFICATE OF SERVICE

    I, Patrick J. O'Connor, hereby certify that on July 21, 2015, I caused a true and correct copy of the foregoing Motion to Strike, with related papers, to be filed on all counsel of record through the court's electronic filing system.

                                        *s/ Patrick J. O'Connor*
                                        Patrick J. O'Connor