# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
| Plaintiff, | : |
| | : No. 05-cv-1099 |
| v. | : |
| WILLIAM H. COSBY, JR., | : |
| Defendant. | : |

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of Defendant's Motion Regarding Plaintiff's Breaches of the Parties' Confidential Settlement Agreement, and any responses thereto, it is hereby ORDERED and DECREED that Defendant's Motion is GRANTED. Accordingly, the dispute set forth in Plaintiff's Motion for Injunctive Relief (ECF 107) is not ripe for resolution by this Court, and the breaches by Plaintiff described in Defendant's Motion shall be referred to Magistrate Judge Thomas J. Rueter for initial resolution, in accordance with the terms of the parties' settlement agreement.

_____
Robreno, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CONSTAND, | : |
| Plaintiff, | : |
| v. | : No. 05-cv-1099 |
| WILLIAM H. COSBY, JR., | : |
| Defendant. | : |

**DEFENDANT'S MOTION REGARDING PLAINTIFF'S BREACHES
OF THE PARTIES' SETTLEMENT AGREEMENT**

Defendant William H. Cosby, Jr., files this motion in response to Plaintiff Andrea Constand's breaches of the parties' confidential settlement agreement. For the reasons set forth in the accompanying brief in support hereof, which is fully incorporated herein, Defendant's motion should be granted. Accordingly, Plaintiff's breaches of the settlement agreement, as described in this motion, shall be referred to Magistrate Judge Thomas J. Rueter for initial resolution, in accordance with the terms of the parties' settlement agreement.

Dated:  July 23, 2015

s/ Patrick J. O'Connor
Patrick J. O'Connor (13086)
George M. Gowen (83210)
Matthew L. Bleich (208069)
Michael P. Zabel (310278)
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA  19103
215.665.2000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA CONSTAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 05-cv-1099 |
| v. | : | |
| | : | |
| WILLIAM H. COSBY, JR., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION REGARDING PLAINTIFF'S BREACHES OF THE PARTIES' SETTLEMENT AGREEMENT**

Defendant, William H. Cosby, Jr., files this brief in response to Plaintiff Andrea Constand's multiple breaches of the parties' confidential settlement agreement. For the reasons below, this Court should refer those breaches to Magistrate Judge Thomas J. Rueter for initial resolution, in accordance with the terms of the parties' settlement agreement.

**INTRODUCTION**

In 2006, Plaintiff voluntarily entered into a confidential settlement agreement with Defendant (the "Settlement Agreement"). Central to the bargain was Plaintiff's promise to abide by the agreement's confidentiality provisions. For more than a year, Plaintiff has been breaching those provisions.

The most egregious breach occurred less than a week ago when Plaintiff's court reporter released the complete transcript of Defendant's confidential

1

deposition to the national media. Plaintiff's court reporter claimed to have had no idea that the deposition was supposed to be treated as confidential. And yet the Settlement Agreement expressly obligated Plaintiff and her counsel "to use their best efforts to ensure that their respective … consultants, agents, … and vendors comply with the confidentiality provisions" of the agreement, including the requirement to keep depositions and other documents confidential. It appears that neither Plaintiff nor her counsel ever bothered to tell her court reporter to treat Defendant's deposition as confidential. Far from using their "best efforts" to ensure compliance with the confidentiality provisions, Plaintiff and her counsel appear to have made *no effort whatsoever*. Such a cavalier attitude to the confidentiality of Defendant's deposition is consistent with Plaintiff's desire to continue her campaign against Defendant in the public forum, in direct violation of the confidentiality provisions to which she freely consented.

## BACKGROUND

Plaintiff initiated this action in 2005, alleging sexual assault. On October 16, 2006, the parties and their counsel entered into the Settlement Agreement.[1] The agreement required Plaintiff, her parents, and her counsel not to disclose or to comment on "any aspect of this LITIGATION," including the allegations in the case, any information they learned through discovery in this case or through the prior criminal investigation by the Montgomery County District Attorney and the

---

[1] The Settlement Agreement itself was to be kept confidential, except to the extent made necessary by litigation about the Settlement Agreement.

2

Cheltenham Township Police Department, and any documents relating to the case. (*See* Ex. A, Declaration of Patrick J. O'Connor, Esq. ["O'Connor Decl."], ¶ 3.)

The Settlement Agreement also required Plaintiff and her counsel to "use their best efforts to ensure that their respective … consultants, agents, … and vendors comply with the confidentiality provisions" of the agreement. (*See id.*)

In the event that one party accused the other party of violating the Settlement Agreement, the parties agreed that this Court retained jurisdiction to resolve such disputes and that they would accordingly "submit the dispute for initial resolution to the Honorable Thomas J. Rueter," who had overseen the parties' settlement negotiations. (*See id.* ¶ 3.)

Thus, in recognition of the centrality of confidentiality, the parties agreed to attempt to resolve any dispute over the agreement privately.

Plaintiff has violated each of these provisions.

### A.     Plaintiff's comments about this case

Over the past year and a half, Plaintiff has violated the provision against commenting on any aspect of the litigation. For example, in February 2014, in response to an article about this case, Plaintiff tweeted: "I won't go away, there is a lot more I will say." (*See* Ex. B.)

In March 2014, she tweeted: "It's not that everybody just forgot about [this case,] truth is nobody cared." (*See id.*) On July 6, 2015, in response to the unsealing of certain documents filed with this Court, Plaintiff tweeted: "Yes!" and "Sir!" in

3

quick succession. (*See id.*) On July 8, 2015, Plaintiff gave an interview to the *Toronto Sun* about her "heavy ordeal involving Bill Cosby." (*See* Ex. C.) In the interview, she lamented her confidentiality restrictions while insisting that "there is so much more to say." (*See id.*) Each of these statements added to the media coverage about this case—and thus undermined the very purpose of the confidentiality provisions for which Defendant had bargained and to which Plaintiff had freely consented in exchange for a monetary payment.

Plaintiff has even used her July 8, 2015 motion (ECF 107)—in which she formally asks for permission to ignore the Settlement Agreement's confidentiality terms—as an opportunity for disclosing highly confidential aspects of the underlying litigation. Knowing that her motion would be publicized, Plaintiff specifically described—in lurid detail—the testimony that she believed she could have elicited from other witnesses had her case but proceeded to trial. (ECF 107, ¶ 9.) Not only did Plaintiff's description of the testimony make a mockery of the confidentiality terms that Plaintiff agreed to honor as part of the settlement; Plaintiff's description was also wholly inaccurate.

Plaintiff has made other disclosures that have been less public but no less improper. In her July 8, 2015 motion, Plaintiff admitted that her counsel had recently contacted many women to advise them that, in the event that Plaintiff succeeded in procuring the release of Defendant's complete transcript, their names might be revealed. (ECF 107, pg. 7 n.1.) In so doing, Plaintiff's counsel revealed to

4

the women that they were subjects of the deposition—yet another violation of the confidentiality provisions.[2]

According to two of the women who were contacted by Plaintiff's counsel and who were later interviewed by *The New York Times*, Plaintiff's counsel had asked them for "permission" to disclose the complete deposition transcript. (See Ex. D.) Not only was such contact itself a violation of the Settlement Agreement; it had the effect of inducing the women to give public statements about the supposed contents of the confidential deposition—statements that were duly published in *The Times*. (*See id.*) In support of her July 8, 2015 motion for permission to ignore the settlement agreement's confidentiality provisions, Plaintiff trumpeted the absence of any objection on the part of the women who were contacted. (ECF 107, pg. 7 n. 1.) Plaintiff's inducement of other individuals to join her campaign to undo the confidentiality provisions is yet a further violation of the Settlement Agreement.

###	B.	Plaintiff's breach of the settlement agreement's dispute-resolution provision

In filing her recent motion alleging that Defendant had breached certain provisions of the Settlement Agreement, Plaintiff circumvented the agreement's requirement to submit her dispute first to Judge Rueter for initial—and private—resolution. Instead of complying with that requirement, Plaintiff filed her motion publicly and directed her request for relief not to Judge Rueter but to this Court.

---

[2] Former Rule 415 witness Rebecca Cooper admitted in her recent proposed memorandum in support of Plaintiff's motion that Plaintiff's counsel had informed her that she was a subject of Defendant's confidential deposition.

The parties' past practice shows that Plaintiff fully understood that, before bringing their disputes to this Court, the parties were supposed to attempt to resolve them privately and in good faith. Thus, for example, at various points in 2014, Plaintiff's counsel asserted that Defendant and his counsel had violated the Settlement Agreement in responding to *new* allegations made by *other* women. In each such instance, Plaintiff objected not by making a public filing but rather by approaching Defendant's counsel directly. That allowed Defendant's counsel to explain to her that the comments—brief and innocuous though they were—concerned other women, not Plaintiff or this case. The parties accordingly agreed that no material breach had been committed, and in one instance agreed to the issuance of a public clarification.

The fact that Plaintiff has recently decided to depart from this model—one that had worked so well—and instead to rush into court suggests that Plaintiff's real goal is to continue her campaign against Defendant in the public forum. That, however, is exactly what she promised in the Settlement Agreement not to do.

### C. Plaintiff's disregard of the confidentiality of Defendant's deposition

The most egregious breach of the Settlement Agreement was Plaintiff's failure to use her "best efforts"—or any efforts at all—to ensure that her vendor kept Defendant's deposition transcript confidential.

On July 18, 2015, *The New York Times* published an article reporting on the contents of the complete transcript of Defendant's deposition. *The Times* stated in the article that it had obtained the complete transcript from a "court reporting

6

service." The court reporting service that provided the transcript to *The Times* was Kaplan Leaman & Wolf, which Plaintiff's counsel, Ms. Troiani, had hired to transcribe Defendant's deposition.

In a July 20, 2015 letter to this Court (*See* Ex. E), Kaplan Leaman & Wolf explained that it had decided to release the complete transcript to *The Times* based on the "understanding" that the complete transcript was a public document. That "understanding" was erroneous because the complete transcript of Defendant's deposition has never been filed with any court, nor (until July 18, 2015) had it otherwise been publicly disclosed. Rather, Plaintiff, Defendant, and their respective attorneys had agreed to keep it strictly confidential pursuant to the Settlement Agreement.

On the morning of July 20, 2015, Defendant's counsel informed Plaintiff's counsel of their concern that Ms. Troiani had violated the terms of the Settlement Agreement by failing to use her "best efforts" to ensure that her vendors complied with the confidentiality terms. (*See* July 20, 2015 Email of Patrick J. O'Connor, Esq. to Dolores H. Troiani, Esq., attached hereto as Ex. F; July 20, 2015 Email of George C. Gowen, Esq., to Dolores H. Troiani and Bebe Kivitz, Esq., attached hereto as Ex. G.) In a responsive letter sent to Defendant's attorneys later that day (*See* Ex. H hereto), Ms. Troiani implicitly conceded that she had never even *informed* her court reporter about the confidentiality agreement, or about the need to treat Defendant's deposition as confidential. When Defendant's counsel reminded her about her obligation under the Settlement Agreement to do so, Plaintiff's counsel responded

7

dismissively, stating that she had simply assumed that the court reporter would not release the transcript. Plaintiff and her counsel not only have failed to use their "best efforts" to ensure compliance with the agreement; they have failed to use any efforts whatsoever. Plaintiff's and her counsel's failure to comply with their obligations under the Settlement Agreement led to a colossal breach of confidentiality.

## REQUEST FOR RELIEF

For the reasons set forth above, Defendant respectfully requests that this Court enforce the Settlement Agreement's dispute-resolution provision by referring the breaches alleged above to Judge Rueter.


Dated:  July 23, 2015

*s/ Patrick J. O'Connor*

Patrick J. O'Connor (13086)
George M. Gowen (83210)
Matthew L. Bleich (208069)
Michael P. Zabel (310278)
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA  19103
215.665.2000

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Patrick J. O'Connor, hereby certify that on July 23, 2015, I caused a true and correct copy of the foregoing Motion, with related papers, to be filed through the court's electronic filing system, thereby causing all counsel of record to be served electronically.

    /s/  Patrick J. O'Connor
    Patrick J. O'Connor