# EXHIBIT C

**From:** Schmitt, John P. (x2849) [mailto:jpschmitt@pbwt.com]
**Sent:** Tuesday, March 03, 2015 10:13 AM
**To:** dmt@tglawoffice.com
**Cc:** LoBue, Robert P. (x2596); Gowen, George M.
**Subject:** RE:

Good morning Dolores – I acknowledge receipt of your email attaching Cammarata's letter. There is no need to fax copies. I will be back to you within five days with a substantive response. Thank you Dolores. JACK

John P. (Jack) Schmitt
Partner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Direct dial: 212-336-2849
Direct fax: 212-336-2442
jpschmitt@pbwt.com

**From:** Dolores M. Troiani [mailto:dmt@TGLawoffice.com]
**Sent:** Tuesday, March 03, 2015 9:16 AM
**To:** Schmitt, John P. (x2849)
**Cc:** Joe Cammarata
**Subject:**

Jack

I received that attached letter from Joe Cammarata yesterday. I explained that I would be sending the letter to you in accordance with the confidentiality agreement, which I believe provides you with five days to object.

Please acknowledge that you have received this as the agreement calls for notice by fax and let me know if you want me to fax it to you or any of the other signatories.

Frankly, I don't think we contemplated this circumstance and as I mentioned before I would prefer to have some guidance from the Court or a written agreement from you and your client, but I don't want to expend more of my time on this.

I further explained to Joe that I had discussed the possibility of a subpoena with you and that we agreed that I would simply accept service, in order to minimize the disruption to me. I do want to make clear that should this come to a subpoena, I do not do cold or snow well and have no desire to go to Boston.

My only solace is that you are in New York and Joe is in Washington so the neutral ground is obviously Philadelphia.

Please advise.

Dolores

**TROIANI & GIBNEY, L.L.P.**

ATTORNEYS AT LAW

DOLORES M. TROIANI, ESQUIRE
dmt@tglawoffice.com

1171 LANCASTER AVENUE
SUITE 101
BERWYN, PA 19312

(610) 688-8400
FAX (610) 688-8426

KIMBERLY C. GIBNEY, ESQUIRE
kcg@tglawoffice.com

July 9, 2015

George Gowen, III, Esquire
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103

RE: Constand v. Cosby (Consolidated)

Dear George:

I have checked my inbox and junk mail and I do not have your letter of June 30; however Bebe sent a copy to me and therefore we are addressing this letter to you, only,

It appears from this morning's Inquirer that you are aware of the identity of the author of the, as we call it, "the last straw" statement regarding Cosby's reason for settling. Consequently, we are requesting that you produce that individual and your client for deposition prior to the proceedings before Judge Rueter. If you are unwilling to do that, then we are requesting that they be available for questioning by the Court. In addition, will you produce all documentation surrounding the statement's release including all correspondence, notes, drafts and electronic transitions between and amongst, Cosby, his publicist(s), the individual responsible for releasing the statement and all media outlets including but not limited to ABC News.

You and your client are hereby put on notice not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on any computer/hard drive, electronic storage media, cell phones, IPad's, voice mails or similar devices owned, used, leased or operated by any individual in the employ of, related to, or retained by defendant, regarding the release of information concerning the matters identified in the settlement agreement and specifically concerning the release of the statement concerning Cosby's reason for settling the above captioned matter.

If you wish to discuss this matter further, please do not hesitate to call.

Very truly yours,

Dolores M. Troiani

Very truly yours,

Bebe H. Kivitz
Jacobs Kivitz & Drake LLC
1525 Locust Street, 12th Floor
Philadelphia, PA 19102

VIA ELECTRONIC AND REGULAR MAIL

**TROIANI & GIBNEY, L.L.P.**

ATTORNEYS AT LAW

DOLORES M. TROIANI, ESQUIRE
dmt@tglawoffice.com

1171 LANCASTER AVENUE
SUITE 101
BERWYN, PA 19312

(610) 688-8400
FAX (610) 688-8426

KIMBERLY C. GIBNEY, ESQUIRE
kcg@tglawoffice.com

July 20, 2015

George Gowen, III, Esquire
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103

RE: Constand v. Cosby (Consolidated)

Dear George:

We are in receipt of your e-mail. When we believed that the agreement was violated, we took the appropriate course and requested that the Court intervene. Your firm has instead chosen to make reckless accusations in the press, which are by any standard defamatory. As confirmed by the court reporter, we had nothing to do with the release of the deposition and we were not contacted in advance of it's release.

We spoke to Gregg Wolfe, who is an independent and impartial court reporter of impeccable reputation. He tells us that he released the deposition relying upon his belief, as confirmed by various lawyers who represented the entities requesting the deposition, that the deposition was a public record which had been unsealed by the Court. The court reporter's code of ethics permits the disclosure of the deposition without notifying the parties in such a circumstance.

There are numerous examples in the Court's memorandum which would lend support to this point of view. For example, the footnotes on page 13 of Judge Robreno's decision seem to respond to the offending footnote we had asked be removed from your brief. A careful reading of the memorandum at pages 18 and 19, certainly lends credence to the court reporter's reliance on the decision. Judge Robreno found that Cosby had diminished his right to privacy by joining the debate about the merits of the allegations against him. The Court then wrote, "Moreover, the AP's interest in obtaining Defendant's depositions is legitimate. The purpose for which the deposition is sought (and surely will be distributed to the world) is not merely commercial gain or prurient interest in exposing the details of Defendant's personal life." (Op. P. 19)

That same paragraph lends credence to our position that your client has violated the settlement agreement, by "joining the debate about the merits of the allegations"

In that Mr. Wolfe relied upon the portion from the court reporter's code of ethics to release the deposition as a public record, we relied upon that portion which prohibits its release without the reporter first contacting the parties. All of the confusion is directly related to your client's failure to preserve the seal as clearly outlined in the Court's memorandum.

All of which points to the unworkability of the agreement which was entered into ten years ago, at a very different time. The ABC Cosby camp statement regarding the settlement has appeared repeatedly in various media accounts. There is a article about Camille Cosby telling the publicists to get in "front of this" at a meeting that is close in time to the release of the settlement statement.

In Pat's rant to me, he said that "your" court reporter has declined requests for Ms. Constand's deposition. That is appropriate because Ms. Constand's deposition is not the subject of Judge Robreno's Order. However, to be consistent, we have NO objection to its release.

In sum, we could spend the next ten years pointing fingers at one another. Although, we are flattered that your client believes we control the international press, we do not have the ability nor inclination to do so. To use a phrase, appropriate to Chester County, the horse galloped from the barn and took all of the ponies with him. You cannot close the barn door. Once again, we are open to a civil and courteous discussion about amending the settlement agreement in light of recent events.

Very truly yours,

Dolores M. Troiani

s/ Bebe H. Kivitz
Jacobs Kivitz & Drake LLC
1525 Locust Street, 12th Floor
Philadelphia, PA 19102

VIA ELECTRONIC MAIL




**Joseph Cammarata**
**Board Certified Civil Trial Attorney**

1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Telephone | 202.659.8600
Fax | 202.659.8680
www.chaikinsherman.com







---

**From:** Dolores Troiani [mailto:dmt@tglawoffice.com]
**Sent:** Thursday, March 05, 2015 12:25 PM
**To:** Joe Cammarata; Schmitt, John P. (x2849)
**Subject:**

Gentlemen

I have been thinking that I really want to be out of the middle of this. I propose submitting my documents under seal to the Federal Court there and letting you duke it out without me. The Judge can decide what gets revealed.

In the alternative Gloria Aldred's suggestion of a Cosby victim fund similar to the asbestos fund also sounds good and I think Jack and I should be point and counterpoint and we could get a neutral to referee.

Dolores

Dolores M. TROIANI, Esquire
TROIANI & GIBNEY, LLP
131 Lancaster Avenue
Devon, PA 19333
610-688-8400

This email transmission may contain information that is proprietary, privileged, and/or confidential and is intended exclusively for the person(s) to whom it is addressed. Any use, copying, retention, or disclosure by any person other than the intended recipient or the intended recipient's designees is strictly prohibited. If you are not the intended recipient or their designee, please notify the sender immediately by return email and delete all copies.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to