**COLLIER LAW, P.C.**
BY:     **JOYCE COLLIER, ESQ.** (ID No. 54324)
709 Bethlehem Pike, Unit E
Erdenheim, PA  19038
(267) 422-6174
*Attorney for Beth Ferrier and Rebecca Cooper aka Rebecca Neal*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREA CONSTAND**  :  | |
| :  | |
| Plaintiff  :  | |
| :  | CIVIL ACTION NO.  05-cv-1099 |
| v.  :  | |
| :  | |
| **WILLIAM H. COSBY, JR.**  :  | |
| :  | |
| Defendant.  :  | |

### JANE DOE WITNESS NUMBER 5, BETH FERRIER, AND JANE DOE WITNESS NUMBER 11, REBECCA COOPER'S, RESPONSE TO DEFENDANT'S MOTION TO STRIKE THEIR MOTION FOR LEAVE

Defendant's Motion to Strike Jane Doe Witnesses Number 5, Beth Ferrier, and Number 11, Rebecca Cooper's, (Collectively "Jane Doe Witnesses") Motion for Leave to File Memoranda in Support of Plaintiff's Motion for Injunctive Relief and Other Sanctions (Doc. 109) (hereinafter "Motion for Leave") is improper and misguided.  Motions to strike only apply to pleadings, not motions and memoranda, and are not granted where the material that Defendant seeks to strike is related to the matter and causes little or no prejudice to Defendant, as is the case here.  Additionally, Defendant misinterprets the Jane Doe Witnesses' Motion for Leave – they do not seek to enforce the terms of the Confidentiality Agreement.  The Jane Doe Witnesses merely seek to clarify that they have no objection to Plaintiff's attempt to unseal Defendant's entire deposition transcript even though they likely are mentioned in the deposition transcript itself.

Defendant's Motion to Strike is procedurally improper and should be dismissed on that ground alone.  The express language of Federal Rule of Procedure Rule 12(f) allows only "pleadings" to be the subject of a motion to strike.  Fed. R. Civ. Proc. Rule 12(f); *see Pittston-Luzerne Corp. v. U.S.*, 86 F.Supp. 460, 461 (M.D. Pa. 1949); *Sidney-Vinstein v. A.H. Robins*

*Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Motions, memoranda, and the exhibits attached to them are not "pleadings" under Federal Rule of Civil Procedure Rule 7(a) and therefore are not subject to a motion to strike.  *Tepeyac v. Montgomery County*, 779 F.Supp.2d 456, 460 (D. Md. 2011), *aff'd in part, rev'd in part*, 683 F.3d 591 (4th Cir. 2012); Fed. R. Civ. Proc. Rule 7(a).  The Jane Doe Witnesses' Motion for Leave and attached memoranda are not pleadings and therefore are not subject to a motion to strike.  *U.S. v. Crisp*, 190 F.R.D. 546, 550-51 (E.D. Cal. 1999) ("The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings.").  Defendant's Motion to Strike should be denied.

Even if Defendant's Motion to Strike did apply to the Jane Doe Witnesses' Motion for Leave, it should still be denied.  "The standard for striking under Rule 12(f) is strict."  *In re Catanella and E.F. Hutton and Co., Inc. Securities Litigation*, 583 F.Supp. 1388, 1400 (E.D. Pa. 1984).  Only allegations that are "so unrelated to plaintiffs' claims as to be unworthy of any consideration as a defense" should be stricken.  *Id.* (citing *EEOC v. Ford Motor Co.*, 529 F.Supp. 643, 644 (D.Col.1982)).  "Motions to strike should be granted only where the allegations have no possible relation to the controversy and the moving party will be unduly prejudiced by a failure to strike."  *Pittston-Luzerne Corp. v. U.S.*, 86 F.Supp. 460, 461 (M.D. Pa. 1949); *see N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F.Supp. 154, 158 (E.D. Pa. 1994).

The Jane Doe Witnesses' Motion for Leave and attached memoranda are worthy of the Court's consideration when adjudicating Plaintiff's Motion for Injunctive Relief (Doc. 107) seeking, among other things, to unseal the entirety of Defendant's deposition transcripts.  As they explained in their Memoranda, the Jane Doe Witnesses are either implicated in the deposition transcript, as revealed by the excerpts of the transcript previously unsealed, or it is highly likely that they were.  Plaintiff's motion seeking the release of Defendant's full deposition transcript therefore may impede upon the Jane Doe Witnesses' right to privacy or the release may help them more fully be able to defend themselves from Defendant's public statements against their character.  Contrary to Defendant's claim, the Jane Doe Witnesses do have a continuing interest in this lawsuit[1] due to Plaintiff's request to unseal the deposition

---

[1] The Jane Doe witnesses are not foreign to this lawsuit – they participated as Rule 415 witnesses and appeared in this action in an attempt to maintain their anonymity.  Although Defendant argues that the Jane Doe Witnesses

transcript and their Motion for Leave informs the Court that they have no objection as to such relief.  The Jane Doe Witnesses' Motion for Leave should not be stricken.

Additionally, Defendant faces little or no prejudice if the Court considers the Jane Doe Witnesses' Motion for Leave and attached memoranda.  The Jane Doe Witnesses merely seek to notify the Court that they do not object to the Plaintiff's Motion for Injunctive Relief to the extent that it calls for the unsealing of Defendant's entire deposition transcript.  This confirms the argument Plaintiff proffered in her Motion for Injunctive Relief: the other women who are mentioned in Defendant's full deposition transcript do not object to its public disclosure.  Defendant does not proffer any reason why he is prejudiced by the Motion for Leave because he is not.  His motion to strike should be denied.

Finally, Defendant's attempts to limit the Court's discretion to consider relevant arguments concerning a motion before the Court should be rejected.  District courts have broad discretion to hear additional information from non-parties to a lawsuit that is "timely and useful."  *Waste Management of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (Granting United States Environmental Protection Agency's Motion for Leave to file an *amicus* memorandum as *amicus curiae*).  Surely if district courts are allowed to solicit information from non-parties to help adjudicate an issue in dispute they are also allowed to solicit information from the Jane Doe Witnesses who have participated and appeared in this lawsuit.

Ms. Ferrier and Ms. Cooper respectfully request that the Court deny Defendant's Motion to Strike the Jane Doe Witnesses' Motion for Leave.

> Respectfully submitted,
>
> *s/ Joyce L. Collier*_____
> Joyce L. Collier, Esquire
> Collier Law, P.C.
> 709 Bethlehem Pike, Unit E
> Erdenheim, PA  19038
> Attorney for Jane Doe Witness Number 5, Beth Ferrier, and Jane Doe Witness Number 11, Rebecca Cooper (a.k.a. "Rebecca Neal")

---

should have filed to intervene pursuant to Rule 24, such a motion is not applicable as, having already appeared, they are not non-parties to this lawsuit.

**COLLIER LAW, P.C.**
BY:    **JOYCE COLLIER, ESQ.** (ID No. 54324)
709 Bethlehem Pike, Unit E
Erdenheim, PA  19038
(267) 422-6174
*Attorney for Beth Ferrier and Rebecca Cooper aka Rebecca Neal*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREA CONSTAND** : | |
| Plaintiff : | |
| : | CIVIL ACTION NO.  05-cv-1099 |
| v. : | |
| **WILLIAM H. COSBY, JR.** : | |
| Defendant. : | |

### CERTIFICATE OF SERVICE

I Joyce L. Collier, hereby certify that on July 30, 2015, I caused a true and correct copy of the foregoing Response of Jane Doe Witness Number 5, Beth Ferrier, and Jane Doe Witness Number 11, Rebecca Cooper to be filed on all counsel of record through the court's electronic filing system.

*s/ Joyce L. Collier*
Joyce L. Collier, Esquire